STATE OF MISSOURI, Respondent, v. B. COSTER,
Appellant.

**Kansas City Court of Appeals, May 5, 1913.**

**EMBEZZLEMENT: Larceny: Receiving Embezzled Goods.** Em-
ployees of a wholesale grocery company, one being the checking
out clerk and the other the driver of a delivery wagon, sold
goods, which the clerk delivered to the driver, to a third party
who received them knowing they had been thus taken from
the grocery company. The third party was indicted and con-
victed of receiving stolen goods. It was *held* that the offense was
embezzlement and the conviction was set aside.

Appeal from Buchanan Circuit Court.—*Hon. Thomas
F. Ryan,* Judge.

REVERSED AND REMANDED.

*Thompson, Griswold & Thompson* for appellant.

*Corry C. Ferrell,* Prosecuting Attorney, for re-
spondent.

ELLISON, P. J.—Defendant was charged and
convicted of receiving stolen goods knowing they were
stolen. It appears that a wholesale grocery company
had in its employ one Ashlock, who was in charge
of and whose duty it was to deliver and check out
goods belonging to the company which had been sold.
The company also had in its employ a transfer com-
pany, one of whose wagons was driven by one Nel-
son. It was the duty of Ashlock to deliver and check
out to the transfer wagons goods for delivery, and in
the instances upon which the indictment was founded
Ashlock delivered goods to Nelson and he converted
them to his own use by selling to purchasers and di-
viding the proceeds with Ashlock.

In this state of case the offense was embezzlement and not larceny. The principals being guilty of embezzlement, the accessory would not be guilty of larceny. [State v. Casey, 207 Mo. 1; State v. Fink, 186 Mo. 50.]

The judgment should be reversed and cause remanded. All concur.

## ADDITIONAL OPINION.

ELLISON, P. J.—Since this case was determined and after the time for a motion for rehearing had expired, it has been suggested that there were inaccuracies in the transcript not noticed by the representative of the State in time to take any action thereon. The term not having yet expired since the judgment was entered, we have the right to entertain the suggestion (Ewart v. Peniston, 233 Mo. 695; Williams v. Railroad, 156 Mo. App. 675) and have done so.

We find that the matters suggested did not and could not have influenced us as to the proper disposition of the case. We formed our conclusion that the offense committed by defendant was receiving embezzled property and not stolen property. Ashlock and Nelson, by arrangement between themselves, were the parties who sold and delivered the goods to defendant. They did not steal them. They were employees of the grocery company which owned the goods, and Ashlock was in possession of them. He was the State's witness and testified that the goods were taken from the first floor, of which he had charge; that no goods could properly go out to the wagons without his order. It was his duty to check them out; and that he delivered the goods now in question to Nelson, the driver. Nelson was the man who delivered the goods to defendant. He also was the State's witness and testified that he got possession of them through Ashlock, and that Ashlock had supervision and direct control over

State v. Coster.

them. Ashlock also testified that he had no right to turn goods over to the drivers which he did not check out, and that he did not check the goods in question. Upon this the State seems to have adopted the theory, as shown by instruction No. 4, that if Ashlock had no authority from his employer to deliver the goods to the transfer or wagon men without checking them, that had the effect of making the crime larceny instead of embezzlement. If authority or right to do the act determined the character of the offense, embezzlement would, indeed, be a rare crime. If Ashlock had come into possession of the goods for the purpose and with the felonious intent to convert them to his own use, it would have been larceny. But the evidence does not show that to be the fact. As already stated, he was and had been the owner's employee and the testimony was that he was in charge and direct control of the goods. He had been and was in lawful charge of them when he conceived the design of converting them to his own use. He thus became guilty of embezzlement. We know of no way to distinguish this case from those cited in the original opinion.

Our views of the case necessarily resulted in a reversal of the judgment. The reason we remanded the cause was that we were not advised whether it would be permissible for the State to amend the information so as to charge defendant with receiving embezzled goods. That is a phase of the case the State's attorney can investigate, and about which we do not intimate an opinion. If it cannot be done, the defendant should be discharged from the present information.

The other judges concur.