THE STATE v. SAMUEL GENNUSA, Appellant.

**Division Two, May 26, 1914.**

1. **RECEIVING STOLEN GOODS: Embezzlement.** The charge of receiving stolen goods is not sustained by proof that the goods received by a defendant were only embezzled.

2. ———: ———: **This Case.** The evidence for the State strongly tended to prove that a transfer company intentionally committed three cases of cigars of the value of $74 to the possession of one Guthrie, one of its teamsters, with instructions to him to deliver them to a railroad company for shipment, and that he feloniously embezzled them and sold them to defendant for $30. *Held,* that the proof would not sustain a charge of receiving stolen goods, knowing them to be stolen, although the crime of knowingly receiving embezzled goods is very similar to the crime of knowingly receiving stolen goods.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED AND REMANDED.

*C. H. Rucker* and *Wofford & Kimbrell* for appellant.

. Defendant having bought and received the cigars in question from Sol Guthrie, who was lawfully in possession thereof as the agent and servant of the Kansas City Transfer Company, his offense, if any, was that of having received embezzled property, knowing the same to have been embezzled, and his conviction for receiving stolen property, knowing the same to have been stolen, cannot stand. State v. Casey, 207 Mo. 1; State v. Fink, 186 Mo. 50; State v. Coster, 170 Mo. App. 539.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

BROWN, J.—Defendant was tried and convicted in the criminal court of Jackson county of the crime of receiving stolen goods, and appeals. The specific charge is that he received three cases of cigars of the value of $74, the property of the Kansas City Transfer Company, knowing said cigars to have been stolen.

There is no evidence that the cigars were in fact stolen. The testimony for the State strongly tends to prove that the Kansas City Transfer Company intentionally committed them to the possession of Sol. Guthrie, one of its teamsters, with instructions to deliver them to the Frisco Railroad Company for shipment, and that said Guthrie, while said goods were so in his possession, feloniously embezzled and sold them to defendant for $30.

I. The crime of knowingly receiving embezzled goods is very similar to the offense of receiving stolen goods, but under the statutes and decisions Receiving Stolen Goods. of this State the charge of receiving stolen goods is not sustained by proof that the goods received by a defendant were only embezzled. [State v. Fink, 186 Mo. 50; State v. Casey, 207 Mo. 1; State v. Coster, 170 Mo. App. 539.] This issue seems to be so well settled by the foregoing decisions that any extended discussion of the same by us is unnecessary.

Other assignments of error are duly preserved and assigned by defendant for reversal, but as the evidence clearly indicates that he cannot be convicted of the present charge, and as there is no reason to suppose that the same alleged errors will occur if the State elects to prosecute him for receiving embezzled goods, or for some other crime, we will simply reverse the judgment and remand the cause. It is so ordered.

*Walker, P. J.,* concurs; *Faris, J.,* not sitting.