## THE STATE v. TONEY GEORGE, Appellant.

### Division Two, February 23, 1915.

RECEIVING STOLEN GOODS: Embezzlement. A defendant cannot be convicted of the crime of receiving stolen goods knowing them to have been stolen, on testimony showing the goods were not stolen, but were embezzled by the driver of the transfer wagon from whom defendant bought them, and were so embezzled after they had been lawfully delivered into said driver's possession by the railroad company which hauled them.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED AND REMANDED.

*Jospeh F. Aylward* for appellant.

(1) Defendant having bought and received the cigars in question from George Winn, who was law-

fully in possession thereof as the agent and servant of the Kansas City Transfer Company, his offense, if any, was that of having received embezzled property knowing the same to have been embezzled and his conviction for receiving stolen property, knowing the same to have been stolen, cannot stand. State v. Casey, 207 Mo. 1; State v. Fink, 186 Mo. 50; State v. Ginnusa, 258 Mo. 273. (2) The evidence is insufficient to sustain the conviction.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

The information properly charges the crime of receiving stolen property. Sec. 4454, R. S. 1909; State v. Smith, 250 Mo. 364; State v. Guild, 149 Mo. 374; State v. Fink, 186 Mo. 52; State v. Kasky, 191 Mo. 10; 34 Cyc. 521. (2) The verdict is responsive to the issues and proper in form. State v. Smith, 250 Mo. 364; State v. Richmond, 186 Mo. 83; State v. McGee, 188 Mo. 412; State v. Smith, 190 Mo. 728; State v. King, 194 Mo. 484.

BROWN, J.—Charged with receiving 22,500 cigars of the value of $170 knowing the same to have been stolen, defendant was convicted in the criminal court of Jackson county, Missouri, and his punishment fixed at two years in the penitentiary, and he appeals.

There is no evidence in the record tending to prove that the cigars which defendant received were stolen. On the contrary the evidence tends to prove the following facts: that the cigars were shipped to the Parker-Gordon Cigar Company at Kansas City over the Chicago, Rock Island & Pacific. The Kansas City Transfer Company, hereinafter des-

ignated as the "Transfer Company," had authority from the Parker-Gordon Cigar Company to receive all of its freight and to do its hauling. The Transfer Company employed one George Winn and sent him out with a wagon to haul freight for it. The railroad company delivered the cigars to Winn as an employee of the Transfer Company upon what the agent described as an "identification sheet," issued by the Transfer Company. After thus lawfully obtaining possession of the cigars Winn claims to have sold them to defendant for $100. There was another party riding on the transfer wagon who seems to have been interested in the embezzlement or misappropriation of the cigars, but that fact does not alter the situation. Such other party did not have possession of the cigars.

It will be seen that the legal effect of the evidence in this case is precisely the same as in the recent case of State v. Gennusa, 258 Mo. 273. Under the ruling in said Gennusa case, and the authorities therein cited, we are forced to hold that defendant's acts (if satisfactorily proven) constituted the crime of receiving embezzled goods, and not the crime of receiving stolen goods. Therefore, defendant was convicted of a different crime than the one charged against him, and his motion for new trial should have been sustained on the ground "that the evidence is insufficient to support the verdict."

The judgment will be reversed, but, as the State may have evidence upon which to prosecute the defendant on some other charge, the cause will be remanded. It is so ordered.

*Faris, P. J.,* and *Walker, J.,* concur.