THE STATE, Respondent, v. SMITH, Appellant.

1. In an indictment for the fraudulent and felonious uttering, publishing and selling of a counterfeit bank note, it is not necessary to describe said note specifically; (R. C. 1855, p. 1178, § 31;) where, however, the said note is described specifically, the proof must conform to the allegations.

*Appeal from Iron Circuit Court.*

This was an indictment for the fraudulent, felonious and false uttering, publishing and selling of a counterfeit bank note purporting to have been issued by the Southern Bank of St. Louis. The note was set forth in the indictment. In the description in the indictment the president of the bank was Jas. T. Watson. According to the proof made the president's name was Jas. J. Watson.

*Fox*, for appellant.

*Gale*, for respondent.

EWING, Judge, delivered the opinion of the court.

On the trial of this cause the circuit attorney read in evidence, in support of the charge, a bank bill which differed from that set out in the indictment in the initial letter of the middle name of the president of the bank, and this is one of the errors assigned.

It was unnecessary for the pleader to have described the bill so minutely in the indictment as he did; (R. C. 1855, p. 1178, art. 6, § 31;) but having done so, and professing as he does to set it out according to its tenor, he will be held to strict proof. Where the matter of a written instrument is introduced into the pleading, so as to imply that a correct recital is intended, very slight discrepancies between the instrument set out and that produced in evidence are fatal. (2 Rus. on Cr. 797; 2 East P. C. ——.) And especially when the variance relates to an allegation descriptive of that which is material, as was the middle name or the initial letter of the middle name of the officer of the bank. (King v. Clark, 7 Mo. 271; Izetters v. State, 7 Ind. 660.)

As for this reason the judgment will be reversed, it is unnecessary to notice other points in the bill of exceptions.

Judgment reversed; the other judges concurring.