THE STATE v. FAY, APPELLANT.

**Forgery:** CRIMINAL PLEADING : EVIDENCE. The statute (Wag. Stat. 1091, § 28) dispenses with the common law rule, which required that an indictment for forgery should set out the instrument alleged to be forged *in haec verba;* but it is still necessary that it should be described accurately ; and very slight inaccuracies will be fatal. An indictment described the instrument alleged to be forged, as a note for sixty dollars, signed with the name of James C. Orr. The instrument offered in evidence was a note for sixty dollars, bearing interest at ten per cent. from date, and signed by J. C. Orr. *Held,* a fatal variance; both as to the name of the supposed maker and the liability which the instrument purported to create.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

*W. O. Forrist,* for appellant.

The note should not have been admitted in evidence, because it is altogether a different instrument from that described in the indictment, and purporting to create altogether a different pecuniary liability from that named in the indictment. The liability named in the indictment was sixty dollars in sixty days, against Abraham Turner and James C. Orr. The paper offered in evidence purported to create a liability for $60, payable in sixty days, at a

specified bank with interest at ten per cent. to be compounded. There was a fatal variance between the allegation and the evidence offered. Our statute of Jeofails, Sec. 27, p. 1090, and Sec. 28, p. 1091, 2 Wag. Stat. Ed. 1872, cannot help the matter. Sec. 28, but obviates the necessity of " copy or *fac simile*" of the forged instrument, in an indictment. Sec. 27 has no reference to the point made.

*J. L. Smith*, Attorney General, for the State.

When the State offered the note in evidence the defendant objected because it purported to be signed by " J. C. Orr " and the note mentioned in the indictment was alleged to have been signed " James C. Orr," and because the same did not purport to create a liability for $60, but for $60 and interest. There is no force in these objections. The indictment did not pretend to give the tenor of the instrument, and this, taken together with the fact that the State proved that " James C. Orr," " Jas. C. Orr " and " J. C. Orr " were one and the same person, was sufficient to justify the court below in admitting said note. Wag. Stat. 517 § 41; Ib. 1091 §§ 28, 29, 30.

NORTON, J.—The defendant was indicted at the October term, 1875, of the Audrain county circuit court, for forgery in the third degree. He was put upon his trial and convicted, and his punishment assessed to two years imprisonment in the penitentiary. To reverse the judgment the defendant brings the cause here by appeal, and urges as a reason for reversal the insufficiency of the indictment and the action of the trial court in admitting illegal evidence and in giving and refusing instructions. The indictment is framed on sec. 16 1 Wag. Stat. 470, which is as follows : Every person, who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument of writing, being or purporting to be the act of another by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged or

diminished, or by which any rights or property whatsoever shall be or purport to be transferred, conveyed, discharged, increased or in any manner affected, &c., shall on conviction be adjudged guilty of forgery in the third degree. The indictment in question charges the offense created by this statute in the words of the statute, and alleges that defendant at, &c., with the intent to injure and defraud, did feloniously and falsely make and forge a certain instrument or writing, to-wit: one promissory note !dated, &c., purporting to be the act of another, to-wit: Abram Turner & James C. Orr, by which said falsely made instrument or writing a pecuniary obligation purported to be created, to-wit: the obligation by and upon the said Abram Turner & James C. Orr to pay him, the said Augustus Fay, the sum of sixty dollars sixty days after the date of said instrument or writing, by feloniously signing the names of the said Abram Turner & James C. Orr to said instrument or writing, and by selling said note to James Bush, and by endorsement and delivery. In support of the charge the prosecuting attorney offered in evidence the following writing: "Columbia, Mo., April 16th, 1875, $60.00. Sixty days after date I promise to pay Augustus Fay, or order, sixty dollars, for value received, at the Exchange National Bank of Columbia, Mo., to bear ten per cent. interest from April 16th till paid. If the interest is not annually paid to bear same rate of interest as the principal debt. Signed Abram Turner, J. C. Orr." The defendant objected to the introduction of the above on the ground that it was not such a writing as was described in the indictment.

Under Sec. 28, 2 Wag. Stat. 1091, it is not necessary in an indictment for forgery to set out the instrument of writing *in haec verba*, but only to describe it by any name by which the same shall be usually known, or by the purport thereof. It is not the purpose of this statue to dispense with good pleading, but simply to dispense with the common law rule, which required the instrument to be literally copied in the indictment, and to allow the pleader to give

the purport thereof; when he undertakes to do this it must be done correctly. In the indictment before us it is alleged that the purport of the instrument is a note signed by Abram Turner and James C. Orr, whereby a pecuniary obligation purported to be created by and upon the said Abram Turner and James C. Orr to pay Augustus Fay sixty dollars in sixty days after the date thereof. The note offered in evidence is not such a writing as the indictment describes. It is not signed by James C. Orr, but by J. C. Orr, and there is no averment in the indictment that James C. Orr and J. C. Orr are one and the same person. Besides, it creates an obligation on Turner and Orr to pay sixty dollars, sixty days after date, with ten per cent. interest from date. The payment of interest at ten per cent. from date was a part of the obligation attempted to be imposed on Turner and Orr. This was its legal effect, and the purport of an instrument of writing is its substance and legal effect, and when, in an indictment for forgery, the purport of the forged instrument is attempted to be given, the substance and legal effect thereof, should be correctly stated. This has not been done in the present case, and the objection of defendant to the introduction of the note in evidence should have been sustained on the ground of variance. In the case of the *State v. Smith*, 31 Mo. 120, where the defendant was indicted for altering a counterfeit note, the name of the president of the bank was set out as Jas. T. Watson. According to the proof made his name was Jas. I. Watson. The court held "that although it was unnecessary for the pleader to have described the bill so minutely, yet having done so, he will be held to strict proof." When the matter of a written instrument is introduced in a pleading so as to imply that a correct recital is intended, very slight discrepancies between the instrument set out, and that produced will be fatal. (2 Bish. on Cr. L. 797.) In the case of the *State v. Wall*, 39 Mo. 532, it was said that it is a rule in criminal pleading, that names shall be set forth with certainty; names

are the indicia by which persons are known and distinguished, and a mistake in setting them out with accuracy or omitting them entirely will necessarily be fatal. In the case of *Shinn v. State*, decided at May term, 1877, of the Supreme Court of Indiana, (56 Ind.) it was held in an indictment for forgery predicated on a note signed "S. B. Skinner" where the intent laid was to defraud one "Solomon B. Skinner," that a motion in arrest of judgment should have been sustained. It could not be inferred, either as matter of fact or law, that Solomon B. Skinner was meant or intended by the name of "S. B. Skinner." The fact should have been positively averred in the indictment." So in the case at bar, it should have been averred in the indictment that James C. Orr was meant and intended by the name of J. C. Orr. The objection made by defendant to the reception of the note in evidence should have been sustained, and for the error committed in overruling the same the judgement will be reversed and cause remanded, the other judges concurring.

REVERSED.