THE STATE v. FLORA, *Appellant.*

DIVISION TWO.

Criminal Practice: FORGERY: NOTE. The fact that an indictment for forgery describes a note signed by defendant jointly with other persons, as purporting to be the act of the defendant, does not render the note inadmissible in evidence on the ground of a variance.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Frank Sheetz* and *L. H. Waters* for appellant.

(1) The indictment described the instrument alleged to have been forged as a note of Wm. R. Hughes. The instrument read in evidence was the note of Hughes and three others. There was a fatal variance. *State v. Fay*, 65 Mo. 490; *English v. State*, 18 Su. 94. Section 4114, Revised Statutes, 1889, has no

application. *State v. Fay, supra; State v. Horn,* 93 Mo. 190. (2) The court erred in admitting the note in evidence. (3) The court erred in giving the first, second, seventh and eighth instructions for the state. The first and seventh refer to the instrument and note described in the indictment. The second and eighth refer to the note as set out in the indictment, and read in evidence. The indictment describes one note and sets out another, and these instructions follow the indictment, and improperly refer the jury to the indictment to ascertain what the defendant is charged with forging. Neither of the instructions required that the forging should have been done feloniously. *State v. McCaskey,* 104 Mo. 644. The third instruction improperly declared that a reasonable doubt must be based on the evidence. (4) The verdict was against the evidence. (5) The indictment on its face shows that the defendant is not guilty of forging the note charged to have been forged.

*John M. Wood,* Attorney General, for the State.

(1) The indictment properly charges the offense; the instructions are such as have often been approved by this court, and the evidence warranted the verdict. There is but one exception to the admission of evidence, and that was to the admission of the note described in the indictment. As there was no variance, at least no material variance, between the two, there is clearly no merit in this objection. (2) There is nothing to support the allegations in the supplemental motion for a new trial, and even if such a motion was allowed no error was committed in overruling it.

GANTT, P. J.—Defendant was indicted in the circuit court of Livingston county, Missouri, September term, 1889. The indictment is as follows:

"The grand jurors of the state of Missouri, summoned from the body of Livingston county, impaneled, sworn and charged upon their oath present and charge that Ervin A. Flora, at said county of Livingston and state of Missouri, on or about the first day of October, 1888, did then and there unlawfully and feloniously falsify, make and forge a certain instrument in writing, to-wit, a promissory note, purporting to be the act of one William R. Hughes, by which a pecuniary demand and obligation for the payment of $350 by the said William R. Hughes, to the People's Saving Bank or order on the first day of February, 1889, purported to be created, which said false and forged instrument and note is of the following tenor, that is to say:

"'No. 23253.   CHILLICOTHE, Mo., October 1, 1888.

"'Four months after date we promise to pay to the order of the People's Savings Bank $350, for value received, payable at the banking house of the People's Savings Bank, at Chillicothe, with ten-per-cent. interest per annum from maturity.

"'[Signed]              ERVIN A. FLORA,
"'SOPHIA FLORA,
"'GEORGE ABEL,
"'WM. R. HUGHES.'

"With intent then and there to injure and defraud. Against the peace and dignity of the state."

This note set forth in the indictment was shown to have been delivered to the bank in renewal of another genuine note signed by all of the same parties, due October 1, 1888.

There was evidence of the delivery of the note to the bank in renewal. William R. Hughes testified he did not sign it; that defendant had brought him the other note of which this was a renewal and assured him it was paid, and that there was no note in bank with Hughes' name on it as surety for the defendant.

Other witnesses corroborated the evidence of Hughes as to defendant's statement.

There was much positive evidence that the signature of Hughes to the alleged forged note was genuine.

The appeal is based upon the theory that there is a fatal variance between the allegation and proof, and that, consequently, the court erred in admitting any evidence, as this variance, if any, appeared on the face of the indictment, and that the instructions were erroneous in assuming that the note read in evidence was of the same description as that set out in the indictment.

Few courts have held more rigidly to a strict technical rule in charging this crime than this court. *State v. Smith*, 31 Mo. 120; *State v. Chamberlain*, 75 Mo. 382; *State v. Fay*, 65 Mo. 490. But in each of these cases, however slight it was, there was an actual variance. Here there is none. By our statute, section 2384, "All contracts which, by the common law, are joint only, shall be construed to be joint and several."

The fact, that there were other makers to the note charged to have been forged, did not make it any the less the note of William R. Hughes, if he signed it. Hence, it was good pleading to charge that the note purported to be the act of William R. Hughes. This was its legal effect as to him. Its genuineness was conceded as to all the other makers. Nor was there any repugnancy created by setting out the note according to its tenor. The exact copy was perfectly consistent with the alleged legal purport. *State v. Pullens*, 81 Mo. 387.

II. There is nothing in the objection to the instructions. They correctly required the jury to find, beyond a reasonable doubt, that the defendant falsely made and forged the name of William R. Hughes to the note described in the indictment and offered in

evidence, with the intent to injure and defraud said Hughes, or some other person. When they did this, they found him guilty of having done it feloniously. Proof of these facts constituted the felony.

We cannot say the evidence will not support the verdict. If we were at liberty to accord equal credibility to all of the witnesses, we should say the state failed to make its case beyond a reasonable doubt. But the jury saw the witnesses, and it was their province to weigh the evidence and the trial court having declined to interfere, we are not justified by the record in disturbing the verdict.

The judgment will be affirmed. All of this division concur.