## THE STATE v. FINK, Appellant.

Division Two, January 31, 1905.

1. **RECEIVING STOLEN GOODS: Larceny: Distinct Offenses.** The offense of larceny and that of receiving stolen goods, knowing them to have been stolen, are separate and distinct offenses. And, hence, a conviction or acquittal of the one does·not operate as a bar to a prosecution for the other.

2. ———: **Indictment: Responsive Verdict.** Where an indictment for receiving stolen goods, knowing them to have been stolen, charges the goods to be of the value of more than thirty dollars, it is not necessary that the verdict should specify the value of goods if it finds defendant guilty "as charged in the indictment."

3. ———: **Need Not Be Received From Thief.** ·Under the Missouri statute prescribing a punishment for the offense of receiving stolen goods, knowing them to have been stolen, it is not necessary that the goods be received from the thief.

4. ———: **Essential Elements: Indictment.** An indictment for receiving stolen goods, knowing them to have been stolen, must allege that the property charged to have been received was stolen, and must also charge all the necessary elements of the larceny. For the defendant who is charged with receiving the stolen goods has the right to join issue with the State upon the allegation of the larceny, and to show that, in fact, no larceny was committed.

5. ———: ———: **No Larceny: Evidence: Embezzlement.** The evidence showed that a consignment of cigars had been shipped over a railroad, consigned to a cigar company, and that the cigar company had authorized the railroad company to deliver the cigars to a certain transfer company. The driver for the transfer company, who had authority to receive and haul freight from the depot of the railroad company, drove to the depot, the cigars were delivered to him and loaded on his wagon, and he hauled them to the saloon of defendant, who received them there. *Held*, that, since the transfer company's driver was authorized to receive the cigars, he was not guilty of the larceny of them, and, consequently, defendant was not guilty of the offense of receiving stolen cigars, knowing them to have been stolen. The driver's offense, if any, was that of embezzlement, and, therefore, defendant's offense was that receiving embezzled goods, knowing the same to have been embezzled.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*F. E. Fickeissen* for appellant.

(1) If defendant assisted in any way in the larceny, and in the perpetration of that crime had the cigars taken to his place and sold them, he could not be convicted of receiving, but only of larceny. State v. Honig, 78 Mo. 249; Owen v. State, 52 Ind. 379; Matter of Franklin, 77 Mich. 615; People v. Brien, 53 Hun 496. If the State had evidence of such participation in the larceny, and indicted and tried defendant for the larceny and he was acquitted, then the State could, by rejecting the evidence of participation in the larceny, and showing only the possession of the stolen goods, knowledge that they were stolen, and a felonious intent, carve out again the offense of receiving; but this the State has no right to do. If the State did carve two offenses out of the same transactions and place the defendant in jeopardy twice, he should have been allowed to make the showing by offering evidence to sustain the plea in bar. (2) The first instruction given by the court is erroneous, because it fails to require the jury to find that the defendant received the stolen property "from the thief." Foster v. State, 106 Ind. 272; 24 Am. and Eng. Ency. of Law (2 Ed.), 50. (3) There is not one word of evidence to show that the cigars were stolen from the railroad company. All of the proof was that the cigars were delivered to the drayage company upon the consignee's order, and that they later disappeared. (4) The verdict is a special verdict and fails to conform to the issues. The jury should, by their verdict, have stated the value of the property they found defendant had received. State v. Pollock, 79 S. W. 980.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The issues raised upon the former indictment are not the same as the issues upon the indictment in the case at bar, nor is the proof the same. The fact that defendant was acquitted of the one does not necessarily preclude his conviction of the other so as to place him in jeopardy of his liberty on the same matter and subject a second time. (2) A general verdict finding the defendant guilty as charged of receiving stolen property into his possession, knowing the same to have been stolen, with intent to deprive the owner of the use thereof, is sufficient.

FOX, J.—The defendant in this cause was convicted in the circuit court of the city of St. Louis for receiving stolen goods, knowing the same to have been stolen.

The indictment upon which this judgment is based is as follows:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn, and charged, upon their oath present that Frederick Fink, on or about the twenty-eighth day of May, one thousand nine hundred and three, at the city of St. Louis aforesaid; forty-five thousand cigars, all of the value of five hundred and fifty dollars, of the goods and personal property of the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, a corporation, then lately before feloniously stolen, taken and carried away from the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, a corporation as aforesaid, with the intent on the part of the thief to permanently deprive the owner of the use thereof, feloniously and fraudulently did from the said thief buy, receive and have; the said Frederick Fink then and there well knowing the said

goods and personal property to have been stolen, taken and carried away from the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company., a corporation as aforesaid, the owner thereof, with the intent on the part of the thief, as aforesaid, to permanently deprive the owner, the said Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, a corporation as aforesaid, of the use thereof; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

To this indictment the following plea in bar was filed:

''Now comes the defendant and as and for his plea in bar to this action says: That heretofore, to-wit, on June 24, 1903, there was filed in this court an indictment numbered 60 of the June term, 1903, in which this defendant with three other persons were jointly charged with the larceny of the same property and from the same corporation as alleged in the present indictment against this defendant; that thereafter and at the October term, 1903, of this court and in this Division No. 8, and before the present presiding judge of this division, this defendant was tried on the said former indictment and on October 31, 1903, this defendant upon such trial was acquitted and discharged.

''Defendant further says that the issues raised upon the said former indictment are the same as the issues upon the present indictment; that the proof upon said issues is the same; that having been heretofore acquitted as aforesaid he has been already placed in jeopardy of his liberty on the same matter and subject which is the cause of the present proceeding, and that under the provisions of the Constitution of the State of Missouri and of the Constitution of the United States of America and the amendments thereto he can not lawfully be again impleaded or placed upon trial or put in jeopardy upon the same subject-matter.

''Wherefore, defendant pleads in bar, as afore-

said, and upon his said plea puts himself upon the country and prays judgment and that he be hence freely discharged.''

To this plea the State interposed a demurrer; which demurrer was by the court sustained, and the trial upon the merits proceeded.

The testimony on the part of the State tended to show that the defendant received the property from one William Wheeler, knowing that he was not the legal owner of the property. Witnesses were introduced by the State, and testified substantially as follows:

David Pile testified: In May, 1903, I was checking for the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, in East St. Louis, Illinois; that company is a common carrier and has a freight depot there; was checking freight out of cars on May 28, 1903; checked two cases of cigars for L. Haase Cigar Company, out of St. Louis & Southwestern Railroad car No. 11974, and the cases were put on the platform of the freight depot near station 77. Q. Did you see the cases placed at station 77? A. No, sir; it was reported to me.

W. O. Life testified: I was platform delivery clerk; I know William Wheeler, driver for a transfer company; in May, 1903, he was driving for the Drayage Transfer Company; saw the two cases of cigars consigned to L. Haase Cigar Company; Wheeler backed his wagon in for a load near where the cases of cigars were, and after that I did not see the cases on the platform any more; after that I saw the cases in the office of the chief of detectives in St. Louis. I gave the cigars to Wheeler, that is, I told the man to put them on Wheeler's wagon; I did not see the cigars go on the wagon; we deliver the freight to the transfer company in East St. Louis and it passes out of our possession; The Drayage Transfer Company is a common carrier;

we had orders from Mr. Haase to deliver his freight to the transfer company.

John C. Payton testified: I saw the two cases of cigars consigned to the Haase Cigar Company, at the office of chief of detectives Desmond in St. Louis, Missouri; they were ordinary cigar cases, two and one-half or three feet square; one contained 249 boxes of 100 cigars each and the other 193 boxes of 100 cigars each; the Drayage Transfer Company is a corporation and receives freight from us to be carried to the consignees in St. Louis.

Bernard F. Kossler testified: On May 27, 1903, I trucked two cases of cigars for Louis Haase Cigar Company into wagon 120 of the Drayage Transfer Company; don't know Wheeler; later saw the two cases in Chief Desmond's office. Only know the number because the driver said that was the number of the wagon; the cases I saw in the chief's office were the same size as those I trucked, but I can't say they were the same cases.

Arthur J. Davenport testified: Druggist at 515 Olive street; on May 27, 1903, Fink offered to sell me 45,000 Hoffman House Magnum cigars at $10.50 a thousand; I agreed to take 25,000; they were delivered next day; the case was not opened; the detectives took it; later, saw the case and cigars at the Four Courts.

Louis Haase recalled: I had an arrangement with the Drayage Transfer Company to bring over all goods consigned to us and deliver them at our store.

J. L. Stahl testified: Am warehouseman for Drayage Transfer Company. On May 27th, man by the name of Wheeler drove one of our "jumbo" wagons, No. 120; he went to the "Big Four Road" empty and came back with a load.

At the close of the evidence, the court instructed the jury, and the cause was submitted and they returned a verdict of guilty and assessed defendant's

punishment at imprisonment in the penitentiary for two years.

From this judgment of conviction defendant prosecuted this appeal, and the cause is now before us for review.

### OPINION.

It is insisted by appellant that the action of the court in sustaining the demurrer to the plea in bar filed by the defendant in this cause, was error.

We are unable to give our assent to this contention. The offense for which defendant was tried and acquitted, was that of grand larceny. The offense with which he is charged in this cause, is that of *receiving stolen property*, knowing the same to have been stolen. The test, as applied in State v. Smith, 43 Vt. 324, and which was approved by this court in State v. Huffman, 136 Mo. l. c. 62, is:

"When one offense is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or an acquittal of one is a bar to a prosecution for the other."

It is clear that the essential elements of the offense of larceny and that of receiving stolen goods, knowing the same to have been stolen, are entirely different. The offenses are separate and distinct, and treated of by different sections of the statute, the former by section 1898, Revised Statutes 1899, the latter by section 1916, Revised Statutes 1899.

The offense of receiving stolen goods, knowing the same to have been stolen, was not embraced in the charge of larceny, for which defendant was tried and acquitted. Defendant was not in jeopardy for the offense now under consideration in the trial of the larceny charge, of which he was acquitted, nor could he have been convicted of this offense under that charge,

even though the testimony may have established his guilt. The action of the court in sustaining the demurrer was proper.

There is no substantial merit in the complaint of appellant as to the form of the verdict. The jury found the defendant guilty of receiving stolen goods, knowing the same to have been stolen, as charged in the indictment. It was essential to charge the value of the goods in the indictment, and they were charged to have been of the value of more than thirty dollars, hence the finding of guilty "as charged in the indictment," was responsive to the issue presented, and is, in fact, a finding that the goods were of the value of more than thirty dollars.

Had this verdict failed to have referred to the indictment, a much more serious proposition would be presented; the reference in the verdict to the charge in the indictment places this verdict in perfect harmony with State v. Pollock, 105 Mo. App. 273, cited by appellant. [State v. Bohle, 182 Mo. 58.]

It is insisted that instruction 1 is erroneous, because it fails to require the jury to find that the defendant received the stolen property from the person who committed the larceny.

Upon this contention it will suffice to say that there is an apparent conflict in the views, as expressed by some of the courts; but upon a careful analysis of the cases the conflict seems more apparent than real. Foster v. State, 106 Ind. 272, holds that the goods must be received from the thief; to the same effect is State v. Ives, 13 Ired. Law 338. On the other hand, Levi v. State, 14 Neb. 1, and Smith v. State, 59 Ohio St. 350, hold that the receipt of the stolen property, knowing the same to be stolen, is all that is required to constitute the offense.

An examination of the cases demonstrate that finally the terms of the statute or law in force, defining

the offense, must control ând furnish the solution of the proposition.

Under the provisions of our statute, the only elements of the offense is the *receiving of stolen property,* with knowledge, at the time of its reception, that the same was stolen. There is an entire absence from the terms of our statute of any indication that the person from whom the stolen property is received is to constitute an essential element of the offense. There was no error in this instruction, as applicable to the charge in the indictment.

This leads us to the only remaining proposition in this cause. That is, that the proof fails to show that the property was stolen from the railroad company, as charged in the indictment.

It will be observed that the indictment charges that the cigars, alleged to have been received by the defendant, were the property of the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, and were stolen from said railroad company, and that defendant received said property, knowing at the time that the same had been stolen. In other words, it is charged that a larceny was committed by the stealing of the property of the railroad company, and that the property was feloniously stolen, taken and carried away from said company, and that such property was received by the defendant, knowing at the time that it was stolen.

The essential elements of the offense charged in this indictment are, first, that the property charged to have been received was stolen, and it is essential that the indictment charge such fact; second, it is essential to the validity of the indictment that it charge all the necessary elements of the larceny. For the defendant who is charged with receiving the stolen goods has the right to join issue with the State upon that material allegation of the larceny, and show that, in fact, no larceny was committed.

These essential requisites are fully recognized by the pleader, and this indictment strictly conforms to them, and the form of the indictment is unobjectionable.

The serious difficulty in this case, with which we are confronted, is the failure of the proof to sustain the charge as made. In other words, there is a fatal variance of proof, as to the offense charged in the indictment. Upon the essential allegation in the indictment, that the cigars were the property of, and stolen from the railroad company, the proof, as introduced by the State, not only fails to establish such charge, but by its testimony tends to establish the embezzlement of this property by the agent and employee of the Drayage Transfer Company. The proof shows that the cigars had been consigned over the railroad company, who maintained a freight depot in East St. Louis, to the Haase Cigar Company. This cigar company had authorized the railroad company to deliver the goods to the Drayage Transfer Company.

William Wheeler was an employee and driver of the transfer company, with authority to receive and haul freight from the depot of the railroad company. Wheeler, on the day of the alleged larceny, May 27th, was driving for the transfer company one of its wagons, No. 120. This employee of the transfer company, with his wagon, drove to the railroad depot, and the cigars were delivered to him, and loaded on his wagon and, as contended by the State, hauled to the saloon of defendant and there received by him. That there was no larceny by Wheeler from the railroad company, under this state of facts, is too clear for discussion. The railroad company was authorized to deliver the goods to Wheeler, who was the agent of and driver for the transfer company, and Wheeler, as such driver, had the right to receive the property for the transfer company; hence the receipt and possession by Wheeler from the railroad company was a lawful possession by virtue of his employment. After the rail-

road company delivered the goods from its depot to Wheeler, the driver for the transfer company, who was authorized to receive them, its responsibility for the goods or the possession of them ended.

Wheeler did not steal the goods from the railroad company, for, under the facts in this case, he was authorized to receive them, and if he received the goods, as indicated by the testimony in this cause, by virtue of his employment as agent or driver for the transfer company, and appropriated the goods to his own use, clearly his offense was that of embezzlement and falls within the terms of section 1912, Revised Statutes 1899.

Section 1916, Revised Statutes 1899, provides: "Every person who shall buy, or in any way receive, any goods, money, right in action, personal property, or any valuable security or effects whatsoever, that shall have been embezzled, converted, taken or secreted contrary to the provisions of the last four sections, or that shall have been stolen from another, knowing the same to have been so embezzled, taken or secreted, or stolen, shall, upon conviction, be punished in the same manner and to the same extent as for the stealing the money, property or other thing so bought or received."

It is apparent from the testimony in this cause that the defendant can not be convicted of the charge, in manner and form as presented in this indictment. The offense to which the testimony of the State is applicable, is that provided for in the first subdivision of section 1916, supra, for receiving property, "that shall have been embezzled," knowing the same to have been so embezzled.

It may be said that Wheeler, at the time he received the goods from the railroad company, had the intent of appropriating them to his own use; this may be true; but that does not alter the fact that he had the right to receive them and did receive them by virtue of his employment, and his appropriation of

them makes his offense that of embezzlement, as defined by section 1916, supra.

Entertaining the views as herein expressed, the judgment is reversed and the cause remanded.

All concur.