THE STATE v. PETER A. FISCHER, Appellant.

Division Two, February 23, 1923.

1. **INFORMATION: Embezzlement: Money and Checks: Two Offenses.** The statute (Sec. 3227, R. S. 1919) mentions two offenses, namely, "secreting property with intent to embezzle" and actual embezzlement, but it does not make the taking of different kinds of property different offenses. An information which charges defendant with the embezzlement of money, goods and checks in one count does not charge him with the commission of more than one crime. It charges him with actual embezzlement, which is a single crime, although it may consist of the embezzlement of several articles and different kinds of property.

2. ———: ———: Description of Articles: No Value Stated: Surplus-
age Valid as to Money: Jeofails. In an information charging em-
bezzlement it is necessary, in describing the goods, rights in action
and personal property embezzled, to set out what particular goods,
rights of action and personal property are meant, and the value
of each article embezzled must be stated, or the value of the whole
must be stated together. An information charging that defendant
took into his possession and control "certain money, goods, rights
in action, checks and personal property of the amount and value
of $380.45, the same being then and there lawful money of the
United States, which said money, goods, rights in action, checks
and personal property was then and there of the value of $380.45,
the same being the property" of a named owner is not sufficient, for
none of the articles, except the money, is sufficiently described.
Nor can the words describing the property, other than the money,
be rejected as surplusage, and the information be held to be good
as charging the defendant with the embezzlement of money alone,
for it charges the embezzlement of different articles and does not
separately state the value of the money embezzled. Nor does the
Statute of Joefails (Sec. 3908, R. S. 1919) save it from this defect,
for, to constitute a felony, the value is of the essence of the of-
fense of embezzlement, and that statute does not apply where the
value is of the essence of the offense and such value is not stated.

3. ———: ———: Of Money: Evidence: Appropriation of Checks:
Criminal Intent. Where the information insufficiently charges de-
fendant with embezzling checks, in that they are neither described
not their value stated, testimony that he received and cashed the
checks is inadmissible to prove the charge that he embezzled
money, where the other evidence shows that he had no authority
to cash the checks and that he actually embezzled the checks, and
not the money, the proceeds of the checks. But since such testi-
mony tends to prove the commission of a crime similar to the one
for which he is being tried, and his act is susceptible of innocent
explanation, it is admissible for the purpose of showing criminal
intent.

4. ———: ———: Jurisdiction: Venue. The venue of a prosecution
for embezzling checks is in the county in which he cashed them,
though he was required to account to his employer in another
county. And the venue for embezzling money is in the county in
which he collected and conceived the idea of keeping it, and the
question of jurisdiction is for the jury under proper instruction.

5. ———: ———: Instructions: New Trial. Where the cause must be
remanded because of a defective information, and it cannot be
anticipated what form the information will take on a retrial, if
one is filed, it is unnecessary to consider assigned errors in the
instructions given for the State.

State v. Fischer.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*H. T. Lincoln* and *I. W. Mayfield & Son* for appellant.

(1) Section 3327, under which defendant was charged, defines separate and distinct offenses, and makes the embezzlement of money, goods, rights in action, checks and personal property, each a separate and distinct offense, and the uniting of them in one and the same count of the information made the information bad. There was necessity for the State to so plead, as the evidence and exhibits, necessary to place defendant on trial, were in the possession of the State. Defendant's motion to quash should have been sustained. State v. Dobson, 72 Mo. 283; State v. Adams, 108 Mo. 208; State v. Bacon, 170 Mo. 162; State v. Gibson, 111 Mo. 100. The defendant was entitled to know, by proper description in the information, what goods, rights in action, checks and personal property he was charged with having embezzled. Art. 2, sec. 22, Mo. Constitution; State v. Stowe, 132 Mo. 199, 206; State v. Krueger, 134 Mo. 262, 273; State v. Murphy, 141 Mo. 270; State v. Barbee, 136 Mo. 443; State v. Murphy, 164 Mo. App. 208. (2) Statutes will be construed against the State and in defendant's favor. Nothing is presumed against him but every doubt resolved in his favor. State v. Krueger, 134 Mo. 271. (3) The admission of the checks in evidence was error. The right to cash them was denied by the State's witness, Holt, and their admission would not sustain a charge of embezzlement of money, the purpose for which they were admitted, to defendant's prejudice. They were not described in the information either in amounts, dates, on whom given, or what bank or depository drawn, or any description whatever, and were not admissible for any

purpose. State v. Castleton, 255 Mo. 210; State v. Rosenfelt, 184 S. W. 904. Error is presumed to be prejudicial until shown to have been harmless. This court cannot say what weight the jury gave to those checks. Their admission was clearly prejudicial to defendant. Holmes v. Farris, 97 Mo. App. 311; Kearney Bank v. Foreman, 129 Mo. 430. (4) Defendant's demurrer, at the close of all the testimony, should have been sustained. Defendant testified that he submitted his figures to an attorney, which figures were admitted by witness Holt, manager of the company, to be practically true, and defendant retained the money on the advice of his attorney. He was denied the right to divulge the name of his attorney by the court. He testifies that he still retains the money, and willing to meet a civil action to determine their respective contract rights. There was no showing of a felonious intent of such a nature and kind to sustain a conviction. This case involves private property, and the same rule does not apply as does to public property. State v. Hurley, 234 S. W. 823; State v. Britt, 213 S. W. 427. Defendant committed no crime when he acted on what he believed to have been a bona-fide claim, even though unfounded. State v. Reiley, 4 Mo. App. 492. Conversion of property, absent a criminal intent, is no crime. State v. Pate, 268 Mo. 431; State v. Cunningham, 154 Mo. 179. Generally speaking it is a question for the jury to say and determine if the accused acted in good faith, but in such cases it is the province of the court to pass on the question of whether the evidence has a probative force to warrant·a conviction. State v. Claybaugh, 138 Mo. App. 364. (5) Being under the duty to account for his collections at the end of the week at Springfield, the conversion took place upon his failing to account in Springfield, and the trial court was without jurisdiction to try the cause here. State v. Mispagel, 207 Mo. 557.

*Jesse W. Barrett*, Attorney-General, and *Henry Davis*, Assistant Attorney-General, for respondent.

(1) The information sufficiently charges the one crime of embezzlement of money. It charges but one offense, and the trial court did not err in overruling appellant's motion to require the State to elect to proceed on one charge. Sec. 3327, R. S. 1919; State v. Knock, 142 Mo. 515, 522; State v. Kroger, 47 Mo. 530; State v. Murphy, 141 Mo. 267; State v. Koplan, 167 Mo. 298; State v. Burks, 159 Mo. 568; State v. Lawler, 220 Mo. 26, 33. (2) For the reason that the appellant was convicted only of the embezzlement of money, and because there was not a sufficient description in the information of the "goods, rights in action, checks and personal property" to constitute charges as to them, the overruling of appellant's motion to require the State to describe said articles more particularly was not error. State v. Lawler, 220 Mo. 26, 33. (3) Evidence of the receipt of checks, the cashing of them and the conversion of the proceeds was proper. An agent or servant of a corporation who receives checks for the corporation, cashes them and embezzles the proceeds thereof, is guilty of embezzlement of the money so received, and this is so whether or not he had the authority to receive the money. State v. McCawley, 180 S. W. 869; State v. Lipscomb, 160 Mo. 125, 138; State v. Silva, 130 Mo. 440, 461. The admission of the evidence pertaining to the checks and the proof that they were embezzled by the appellant was proper as tending to show criminal intent. 8 R. C. L. 204; 9 R. C. L. 1295; State v. Wilson, 223 Mo. 156, 169; State v. Hyde, 234 Mo. 200, 224; State v. Young, 266 Mo. 723, 735; State v. Patterson, 271 Mo. 99, 109. (4) The demurrer to the evidence was properly overruled as the prosecution made out a prima-facie case of every element of the offense of embezzlement. Sec. 3327, R. S. 1919; Hanna v. Insurance Co., 241 Mo. 383, 402; State v. Britt, 278 Mo. 510, (5) The venue was properly laid in Laclede County. State v. Mispagel, 207 Mo. 557, 575; State v. Bacon, 170 Mo. 161; State v. Bouslog, 266 Mo. 73. 9 R. C. L. p. 1293.

WHITE, J.—The appellant, on a trial in the Circuit Court of Laclede County, on the seventeenth day of May, 1922, was found guilty of embezzlement, and his punishment assessed at two years' imprisonment in the State penitentiary.

The defendant was a traveling salesman for G. D. Milligan Grocer Company, of Springfield. About the eleventh day of February, 1922, the manager of the company, Fred Holt, charged the defendant with being short in his accounts, and Fischer admitted that he had collected money which he had not turned in.

It was proven that in January and February, 1922, Ficher had collected and retained money in Laclede County in excess of thirty dollars for goods sold. It was also shown that he had received checks from purchasers in Laclede County for goods sold there; that such checks were payable to the Milligan Grocer Company; that defendant had cashed them in Laclede County and had failed to account for the money. This occurred with regard to several customers to whom he had sold goods. The amount of money received on checks which he cashed was considerably more than the amount which he had collected in cash. Officers of the Milligan Grocer Company testified that Fischer was authorized to collect amounts due on accounts, but was not authorized to cash checks which were delivered to him in payment of accounts. It was his duty to forward such checks to the house every day, and to account for the cash which he received every week.

The defendant had an arrangement with his employer for a bonus, which is explained by the witnesses for the State in this way: he was to receive fifty per cent of the gross profits on his sales, from which fifty per cent were to be deducted his salary and traveling expenses. He received a salary of one hundred and twenty-five dollars a month; if the salary and traveling expenses exceeded fifty per cent of the gross profits, then he would have no bonus. If they were less than fifty per cent of the gross

profits, then he would have a bonus equal to the difference between his salary and expenses and fifty per cent of the gross profits.

The defendant bases his defense upon the arrangement for a bonus. He testified that the net profits were to be split forty-sixty; he was to receive forty per cent of the net profits. That is to say: All salary and expenses were to be deducted from the gross profits, and then he was to receive forty per cent of what remained. He claimed that on that basis he received a bonus for 1919 of one thousand dollars. This was denied by the officers of the Milligan Grocer Company, who said the bonus for that year was a gratuity. The gross profit on the sales for the year 1921 was about sixty-three hundred dollars; the defendant's salary and expenses were considerably more than half of that, so that according to the State's witnesses there was no bonus to pay.

According to the theory of the defendant there would be a bonus, because after deducting his salary and expenses there was a net profit of which he was entitled to forty per cent and he had a right to retain the money which he had collected to apply on his bonus for 1921.

The defendant made no concealment of his actions, but made a clear statement to the officers of the company of the different accounts which he had collected. On this evidence the jury found him guilty as stated, and he appealed from the judgment thereupon rendered.

I. The appellant attacked the information by several motions which were overruled, and error is assigned to each of such rulings. For that reason we set out in full the information, which was filed the ninth day of May, 1922, as follows:

**Information.**

"Now comes J. H. Bowron, the duly elected, qualified and acting prosecuting attorney within and for the County of Laclede, in the State of Missouri, and under his oath of office as such prosecuting attorney and upon his hereto appended oath informs the court that one P. A. Fischer, known as 'Pete' Fischer, on or about the

7th day of February, 1922, and on other dates within a period of three years prior to said 7th day of February, 1922, at and in the County of Laclede, in the State of Missouri, aforesaid, being then and there agent, clerk, servant and collector of the G. D. Milligan Grocer Company, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri; and he, the said P. A. Fischer, known as 'Pete' Fischer, not being then and there a person under the age of sixteen years, then and there by virtue of such employment and office of agent, clerk, servant and collector of the said G. D. Milligan Grocer Company, a corporation, as aforesaid, did have, receive and take into his possession and under his care and control certain money, goods, rights in action, checks and personal property of the amount and value "of $380.45, the same being then and there lawful money of the United States, and which said money, goods, rights in action, checks and personal property was then and there of the value of $380.45, and the money, goods, rights in action, checks and personal property of the said G. D. Milligan Grocer Company, a corporation as aforesaid, the employer of him, the said P. A. Fischer, known as 'Pete' Fischer, the said money, goods, rights in action, checks and personal property then and there unlawfully, fraudulently and feloniously did embezzle and convert to his own use, without the assent of the said G. D. Milligan Grocer Company, a corporation, as aforesaid, the owner of said money, goods, rights in action, checks and personal property, with the unlawful, felonious and fraudulent intent then and there to deprive the owner, the said G. D. Milligan Grocer Company, a corporation, as aforesaid, of the use thereof; contrary to the statutes in such case made and provided and against the peace and dignity of the State."

The defendant first filed a motion to quash the information on the ground that it charged the commission of more than one crime in one count—the embezzlement of money and the embezzlement of goods. The informa-

**Two Offenses.** tion is based upon Section 3327, Revised Statutes 1919, which defendant correctly

says describes two offenses, but the two offenses mentioned in that section are not the taking of different kinds of property. One offense described is "secreting property with intent to embezzle," and the other is the actual embezzlement. [State v. Stevens, 281 Mo. l. c. 644; State v. McWilliams, 267 Mo. l. c. 449.] The offense here charged is actual embezzlement, and the crime is a single one, although it may consist of the embezzlement of several articles and of different kinds of property. That motion was properly overruled.

The defendant then filed a motion to require the State to elect upon which charge it would go to trial. This motion was based upon the same erroneous assumption that the information charged two offenses, whereas it charged only one.

II. The defendant then filed a motion asking the court to require the State to describe the goods; rights of action, checks and personal property mentioned in the information. It will be noticed that the information charged that the defendant took into his possession and control, "certain money, goods, rights in action, checks and personal property of the amount and value of $380.45, the same being then and there lawful money of the United States, which said money, goods, rights in action, checks and personal property was then and there of the value of $380.45, the same being the property of the G. D. Milligan Grocer Company."

Description of Property.

In cases of embezzlement and larceny and offenses of that character, there must be a reasonably fair description of the property, so that the defendant may know what particular property is the subject of his offense, and upon the trial the State must prove the taking of the property alleged. [State v. Mispagel, 207 Mo. l. c. 574; State v. Burks, 159 Mo. l. c. 572; 22 Cyc. pp. 352-353; 9 R. C. L. p. 1290; 20 C. J. 461.]

The statutes of this State have simplified the form of indictments in cases of this kind. The description of

money in the information is sufficient under Section 3904, Revised Statutes 1919. Under Section 3903 it might be sufficient to describe a check by name without further description if the amount is stated. In describing the goods, rights in action, and personal property, it is necessary to set out what particular goods, rights of action and personal property are meant.

The State's attorney in one part of his brief appears to concede that the description of all the property mentioned is insufficient except that of the money, but argues that all words describing the property, other than the money, can be rejected as surplusage because they charge no offense, and that the information is good as charging the defendant with the embezzlement of money alone. The State, however, at this point is confronted with another difficulty: while a number of articles may be embezzled, and so charged in the indictment as one offense, the value of each article must be stated, or the value of the total must be stated together. [State v. Koplan, 167 Mo. l. c. 303; State v. Beatty, 90 Mo. l. c. 146.]

The Statute of Jeofails, Section 3908, Revised Statutes 1919, provides that no indictment or information shall be deemed invalid for the want of a statement of the value or price of any matter or thing . . . where the value or price . . . is not of the essence of the offense.

In this case the value is of the essence of the offense because property alleged to have been embezzled must have been of the value of thirty dollars or more in order to constitute a felony. If the information correctly charged the embezzlement of other articles than money the aggregate value of all the articles enumerated would have been sufficient. [State v. Dudley, 245 Mo. l. c. 183; State v. Blockberger, 247 Mo. l. c. 606.] Here, however, no article except money is sufficiently described, as the State concedes, and the value of the money alone is not stated. It is impossible to say whether from the statement in the information how much money was taken and how much of the $380 value, attached to all the articles,

should be applied to the articles which are not correctly described, and how much to the money.

The defendant was not correctly charged with embezzling checks, even if such checks were otherwise sufficiently described, for the reason that no value was attached to such checks so as to charge a crime in embezzling them. Defendant moved to quash the information, not because of its failure to charge an offense, but because it stated two offenses, and the motion on that ground was properly overruled.

The verdict returned by the jury is as follows:

"We, the jury, find the defendant guilty of embezzlement, as charged in the information, in the sum of more than thirty dollars, and we assess his punishment at imprisonment in the State Penitentiary for a term of two years."

The information does not charge that the defendant embezzled money in the sum of thirty dollars, nor in any other sum. The instruction did not distinguish money received from the checks from money received in cash. It is impossible to tell whether the "more than thirty dollars," which the jury found was embezzled referred to the cash collections alone, or includes the checks. This is an error which follows the infirmity in the information, and requires a reversal of the case.

III. Appellant assigns error to the admission of evidence in regard to the receiving and cashing of checks. The defendant is insufficiently charged with embezzling checks, as stated above, and evidence was inadmissible in support of that charge. Likewise evidence that the defendant cashed the checks was inadmissible to prove the charge that he embezzled money, because the evidence shows that he had no authority to cash the checks, and therefore he actually embezzled the checks, and not the money, the proceeds of the checks. [State v. Castleton, 255 Mo. 1. c. 210.] However, because it tended to prove the commission of a crime similar to the one for which defendant was being

*Evidence: Other Crimes.*

tried it was admissible for the purpose of showing criminal intent. It showed a course of conduct wherein he embezzled a number of articles belonging to his employer. This is one of those cases where the act charged is susceptible of an innocent explanation, and therefore similar crimes under similar circumstances may be offered in evidence for the purpose of showing intent. \[State v. Patterson, 271 Mo. 1. c. 110, and cases cited; State v. Young, 266 Mo. 1. c. 735; State v. Wilson, 223 Mo. 169.]

IV. The appellant challenges the jurisdiction of the Circuit Court of Laclede County on the ground that the venue is in Greene County where the defendant was obliged to account to his employer. The defendant undoubtedly embezzled the checks in Laclede County, because there is where he cashed them, though, as stated, no suffcient charge of embezzling the checks is contained in the information. If the defendant conceived the idea of keeping the money when he collected it in Laclede County, then the venue was in Laclede County. It was a question for the jury under proper instruction.

*Jurisdiction.*

V. Several objections are assigned to the giving of instructions on behalf of the State. We find it unnecessary to consider this, because on a retrial we cannot anticipate what form the information will take if the State should see fit to file an amended information.

*Instructions.*

For the reasons mentioned the judgment is reversed and the cause remanded. All concur.