THE STATE v. A. HARVEY HARRISON, Appellant.—152 S. W. (2d) 161.

Division Two, June 10, 1941.*

*NOTE:  Opinion filed at September Term, 1940, April 3, 1941; motion for rehearing filed; motion overruled at May Term, 1941, June 10, 1941.

*H. P. Lauf* and *John O. Bond* for appellant.

*Roy McKittrick*, Attorney General, and *Tyre W. Burton*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was charged with and convicted of grand larceny in the City of St. Louis, and his punishment assessed by a jury at imprisonment in the penitentiary for three years. He was acting director of finance of the State Social Security Commission. According to the State's evidence his duties were to *oversee* reports pertaining to the disbursement of certain funds by the Commission, or as he, himself, testified, he had *supervision* of its accounts and records, the disbursement of funds, and the auditing of accounts and bills presented. He did *not* have official or actual custody of its funds, or authority to open up revolving funds. On February 10, 1938, for the announced purpose of creating a revolving fund in the St. Louis office, he procured the issuance and delivery to him by said Commission of a negotiable voucher check for $1500, payable to the St. Louis City Social Security Commission, W. E. Uthe, Disbursing Officer, and signed, Missouri Relief Commission, Wallace Crossley, Administrator, R. F. Wayland, Disbursing Officer. The check also bore a notation which may have been a part of the signature, Missouri Federal Relief—Geo. I. Haworth, Custodian.

The indictment substantially so described the check, but did not otherwise allege its value. Appellant took the check to St. Louis, forged the endorsement of the payee by a rubber stamp, and further endorsed it in blank for collection, and used it to purchase a boat for himself. The Social Security Commission, created by Laws Mo.

1937, p. 467, was the state agency administering the Federal funds on which the voucher check was drawn, though its name does not appear thereon. It succeeded the Missouri Relief Commission named therein, which had no statutory existence by name, but was appointed by the Governor, it seems, to disburse Federal funds. At any rate the Social Security Commission had superceded or absorbed the Missouri Relief Commission at the time here involved, and was discharging the duties formerly performed by the latter.

Appellant's assignments of error converge on these three propositions: (1) the indictment only charged petit larceny, a misdemeanor, because it failed to allege the value of the check was over $30, whereas the appellant was convicted of grand larceny, a felony; (2) further, the indictment did not inform appellant of the offense with which he was charged, because it alleged the check was issued by the Missouri Relief Commission, a non-existent body; (3) the evidence failed to make a prima facie case of grand larceny because it appeared from the State's own evidence that no trespass was committed in obtaining the check, thereby making the offense embezzlement if anything.

Taking up appellant's first assignment, that the indictment was wholly insufficient to support a conviction for grand larceny because it failed to allege the value of the check stolen was at least $30, the minimum set by Sec. 4456, R. S. 1939, Mo. Stat. Ann., p. 3061. There are several statutes which make this contention untenable. Section 3945, R. S. 1939, Mo. Stat. Ann., p. 3154, provides that (italics ours): "in any indictment for . . . stealing . . . any instrument or property, it shall be sufficient to describe such instrument or property by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile thereof, or *otherwise describing* the same, or *the value thereof*."

In State v. Fischer, 297 Mo. 164, 172, 249 S. W. 46, 48, an information charged the embezzlement of "certain money, goods, rights in action, checks, and personal property of the amount and value of $380.45," thus alleging the value of the embezzled property in the aggregate, but not of the checks alone. The opinion did say, as quoted by appellant in his brief, "the defendant was not correctly charged with embezzling checks, even if such checks were otherwise sufficiently described, for the reason that no value was attached to such checks so as to charge a crime in embezzling them." But an earlier paragraph of the opinion had conceded that under still another statute, now Sec. 3947, R. S. 1939, Mo. Stat. Ann., p. 3155, "it might be sufficient to describe a check by name without further description, if the *amount* is stated." (Italics ours.) Note that the opinion said the amount of the check, not its value. The Sec-

tion 3947 referred to in that decision is much like Sec. 3945, quoted in the last paragraph, and reads as follows:

"In all other cases, whenever it shall be necessary to make any averment in any indictment as to any instrument, whether the same consists wholly or in part of writing, print or figures, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy of facsimilie of the whole or any part thereof."

Also Sec. 4461, R. S. 1939, Mo. Stat. Ann., p. 2875, provides that "if the property stolen consist of any . . . bill of exchange, draft, . . . the money due thereon, or secured thereby, and remaining unsatisfied, which in any event or contingency, might be collected thereon, . . . shall be deemed *prima facie* evidence of the value of the article so stolen." It was held in State v. Connell, 144 Mo. 387, 392-3, 46 S. W. 175, 176, that this statute means the amount specified in the stolen instrument shall be deemed the prima facie value of the article so stolen; and that it is unnecessary to include in the indictment the further words of the statute: "the money due thereon or secured thereby, and remaining unsatisfied." In view of these statutes and decisions, as well as the reason of the thing, the conclusion is obvious that the indictment need not state more than must be proven to make a prima facie case. A check, draft or other like instrument carries an ostensible value on its face, and in that respect is unlike goods, livestock and similar chattels.

█ The next assignment is that the indictment did not sufficiently advise the appellant of the offense with which he was charged because it alleged the check was issued by the Missouri Federal Relief Commission, a non-existent body, when in truth it was issued by the State Social Security Commission. Appellant's contention is *not* that the description in the indictment of the check and indorsements was different from the *face* of the check and indorsements as proven in evidence. On the contrary the objection on this appeal is that while the evidence showed the check on its face was issued by the Missouri Federal Relief Commission, as pleaded, or the Missouri Relief Commission, still the evidence also showed that Commission no longer had any legal existence, and the check was in fact issued in its name by its successor, the Social Security Commission.

There is no contention here that appellant was surprised by that proof. Indeed, he was perfectly familiar with the issuance of the check; said it was in fact issued to create a revolving fund for the St. Louis Social Security Commission; and that he merely indorsed it in blank "for collection" to the boat company, not meaning to transfer title but only to put it up to establish his good faith in purchasing accessories for the boat. Neither is it disputed that the State of Missouri was the owner of the check and the bank deposit on which it

was drawn, the same being a special fund derived from Federal sources.. Appellant's real contention is that there was a fatal variance between the indictment and the proof, so that a conviction in the instant prosecution would not bar another for the same offense.

On this assignment appellant cites several cases*. But the Kroeger case was overruled by State v. Moore, 66 Mo. 372, 374, which holds that "whenever there has been but one larceny and the same evidence will support either indictment, *autrefois acquit* is a good plea." And some of the other decisions are referred to in State v. Flora, 109 Mo. 293, 296, 19 S. W. 95, when it says: "Few courts have held more rigidly to a strict technical rule in charging this crime (forgery) than this court."

We have already pointed out that the later Fischer case concedes under Sec. 3947, supra, an indictment might be sufficient if it describes a check by name without further description, if the amount is stated. The Wright case held that an indictment charging burglary of the home and larceny of the property of a named person could not be amended to charge that the home burglarized and the property stolen were those of a totally different person. But that case goes on to explain the name of the alleged owner was the only description in the indictment identifying the property stolen. In the instant case it was not disputed that the indictment described the check substantially in form as it was issued, in compliance with Secs. 3945 and 3947, and that it gave all the facts necessary to identify the check,† save that it alleged the check was issued by the Missouri Federal Relief Commission, when, in fact, it was only issued in that name by the State Social Security Commission, which had succeeded to and was discharging the functions of the former Relief Commission, and was

---

*State v. Kroeger, 47 Mo. 530; State v. Fay, 65 Mo. 490; State v. Grisham, 90 Mo. 163, 165, 2 S. W. 223, 224; State v. Mispagel, 207 Mo. 557, 574, 106 S. W. 513, 517; State v. Fischer, 297 Mo. 164, 249 S. W. 46; State v. Jeffords (Mo. Div. 2), 64 S. W. (2d) 241, 242; State v. Wright (Div. 2), 339 Mo. 41, 95 S. W. (2d) 1159, 1160(6).

†The indictment was as follows: "The grand jurors of the State of Missouri, within and for the body of the City of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that A. Harvey Harrison on or about the 12th day of February one thousand nine hundred and thirty-eight, at the city of St. Louis aforesaid, a certain check, dated February 10, 1938, for the sum of $1500, drawn on the Central Missouri Trust Company, Jefferson City, Missouri, payable to the order of the St. Louis City Social Security Commission, W. E. Uthe, Disbursing Officer, St. Louis, Missouri, issued by the Missouri Federal Relief Commission, George I. Haworth, Custodian, R. F. Wayland, Disbursing Officer, and bearing on the back of said check the endorsement of the St. Louis City Social Security Commission, 2221 Locust Street, St. Louis, Missouri, W. E. Uthe, Disbursing Officer St. Louis Division, the personal property of the State of Missouri, and then and there unlawfully and feloniously did steal, take and carry away from the owner thereof, with the felonious intent then and there to permanently deprive the owner of the use thereof, and to convert the same to his own use; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

carrying the bank account in the old name. In the Jeffords case the information merely charged the property stolen was "merchandise to the value of about $40." That was clearly too indefinite and is wholly different from the facts before us now.

We think the facts in the instant case brought it within the provisions of Sec. 3951, R. S. 1939, Mo. Stat. Ann., p. 3158, which provides in substance that whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the indictment and the evidence as to the name or other description whatsoever or (of) any person whomsoever therein named or described, or in the name or description of any matter or thing whatsoever therein described, or in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquital of the defendant, unless the court before which the trial shall be had, shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant.

It has been said the statute is very broad in its terms, and leaves much to the discretion of the trial court in determining whether the variance is material and prejudicial. [State v. Harl, 137 Mo. 252, 256, 38 S. W. 919, 920.] One case rather closely in point is State v. Long, 278 Mo. 379, 213 S. W. 436, where the defendant was charged with stealing hogs from the "University of Missouri, a corporation." The proof showed the name of the corporation owning the hogs was "The Board of Curators of the University of Missouri." This court said "The fact that the well-known name of the educational institution was used in the information, in the evidence, and in the instructions, instead of the technical, statutory style of. the corporate board which controls this institution, in no way hurt defendant or militated against his making an intelligent defense." The trial court in this case expressly decided the variance between the charge and the proof was not material, and that the gist of the action was the larceny of a check on a bank deposit, both the check and the deposit belonging to the State of Missouri. We cannot say as a matter of law that the court abused its judicial discretion in so holding.

The last assignment urged is that the evidence failed to make a prima facie case of grand larceny because it appeared from the State's own evidence that no trespass was committed by appellant in obtaining the check, and that he was only guilty of embezzlement if anything. It is conceded and well established that the offense of larceny always involves trespass; a taking against the will of the owner. [State v. Harris, 336 Mo. 1134, 1141, 82 S. W. (2d) 877, 881.] Or, as otherwise put: "In embezzlement the money or property is lawfully obtained and unlawfully converted, while in larceny the taking must always be unlawful." [State v. Cochran, 336 Mo. 649, 653, 80 S. W. (2d) 182, 184.]

Appellant cites and stresses two cases: State v. Casey, 207 Mo. 1, 10, 105 S. W. 645, 648, and State v. Fink, 186 Mo. 50, 59, 84 S. W. 921, 924. In both of these cases the defendant driver of a transfer company received tobacco from a railroad company to be delivered to the consignee, but after obtaining possession of it he diverted the shipment to a third party who appropriated the same to his own use. This court held in both cases that the driver was guilty of embezzlement, not larceny, and said that was true even though the driver had the intent of appropriating the shipment to his own use at the time he received the goods from the railroad company, because he had the right to receive them and did receive them by virtue of his employment.

On the other hand many of our cases lay down the distinction that the crime is embezzlement or larceny, depending on whether the defendant *honestly* receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use. If these facts appear the crime is embezzlement, but if possession of the property is obtained by fraud, with an intent on the part of the defendant at the time he receives it, to convert the same to his own use, and the person parting therewith intends only to surrender his possession, but not his title, the offense is larceny. [State v. Buck, 186 Mo. 15, 19, 84 S. W. 951, 952; State v. Fuller, 306 Mo. 484, 490, 268 S. W. 45, 47; State v. Bunton, 314 Mo. 585, 592, 285 S. W. 97, 98, 47 A. L. R. 783.] Even a mere. right to custody of property without lawful possession will make a felonious taking larceny instead of embezzlement. [Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A. L. R. 360.] Under the State's evidence here the appellant had no right to the lawful possession of the negotiable checks or funds of the State of Missouri. His duties were auditorial and supervisory as to the accounts and records of the Commission, but did not give him the right to possession of its funds or their equivalent.

There is also ample evidence that he obtained the check here involved by fraud with an intent to appropriate the same and the funds called for therein to his own use. He had been negotiating with the Boat Company for some time about the purchase of a boat, which, with accessories, would cost substantially $1500, the amount of the check. When he sought to obtain the check he went to a bookkeeper of the Social Security Commission and made a written requisition therefor for the announced purpose of establishing a revolving fund in the office of the St. Louis Social Security Commission. The bookkeeping offered to issue a transfer voucher-check, which would have been non-negotiable. But defendant rejected it and went to another employee from whom he obtained the check here involved, which was negotiable. This, together with his subsequent conduct, clearly warrants an inference that he intended before and when he obtained the

check, to appropriate the proceeds to his own use. And as stated, he did not merely convert funds or negotiable instruments already in his lawful possession, but he went to other employees and procured their issuance with the fraudulent purpose aforesaid. We think there was substantial evidence of grand larceny.

Finding no error in the record, the judgment is affirmed. All concur.

