THE STATE v. SIMMS, *Appellant.*

1. **Criminal Law** : ARRAIGNMENT.   When a conviction of murder in the second degree on an indictment charging murder in the first degree has been set aside, it is not necessary that the defendant be arraigned anew before a second trial can be had.

2. ———: EVIDENCE.   Evidence that defendant is afflicted with erotomania is not pertinent upon a trial for homicide.

3. **Murder** : MALICE: DELIBERATION.   It is error for the court to submit a murder case to the jury without defining the terms malice and deliberation by proper instructions.

4. ———: CONSTITUTIONAL LAW.   Section 23, article 2 of the constitution of 1875, has abrogated the rule laid down in the case of the *State v. Ross,* 29 Mo. 32, that where a conviction of murder in the second degree on an indictment charging murder in the first degree has been set aside, the defendant cannot again be tried for murder in the first degree.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*Livingston & Mitchell* for appellant.

*J. L. Smith,* Attorney-General, for the State.

NORTON, J.—This case has heretofore been before this court, and is reported in 68 Mo. 305, upon an examination of which it will be seen that the judgment was reversed solely because of the error committed by the trial court in giving an instruction to the effect that insanity, when set up as a defense, could only be proven by direct evidence. Upon a re-trial of the cause this error was corrected, and defendant was again convicted of murder in the second

degree, and has again appealed, assigning numerous errors, which we will notice in the order presented by his counsel in their brief.

First, it is insisted that as on the former trial defendant was convicted of murder in the second degree, which

1. CRIMINAL LAW: arraignment. operated as an acquittal of murder in the first degree, charged in the indictment, under the rule laid down in the case of the *State v. Ross*, 29 Mo. 32, defendant could not again be put upon his trial without a new arraignment, and that as the record does not show such an arraignment, the judgment should be reversed. As far as the case of the *State v. Ross* has gone, it has never been held to go further than that when a person is convicted of murder in the second degree on an indictment for murder in the first degree, and such judgment is reversed, such person can only be tried the second time for murder in the second degree, or some grade of manslaughter. It does not go to the extent of requiring a new arraignment; and as the record before us shows an arraignment of defendant and an entry of his plea of not guilty, that is sufficient. The plea of not guilty thus entered on his original arraignment was not limited to the charge of murder in the first degree, but applied also to any degree of homicide below that grade.

It is also insisted that the court erred in not allowing medical experts to state their opinion as to defendant being afflicted with erotomania, defined to be "a morbid sexual propensity," basing such opinion upon the fact shown by the evidence of defendant, that a short time before the homicide he had attempted to commit a rape upon the daughter of one Hudlow. This objection is not supported by the record, upon an examination of which we find a number of physicians were examined touching their opinion as to the sanity of defendant, formed from all the evidence given in the case. Nearly if not all of them stated that they had heard all the evidence, after which they

were allowed by the court to give their opinion based upon such evidence as to the sanity of the accused.

Besides this, no connection is perceivable between a species of monomania which leads to the commission of 2. ——: evidence. rape, and that which leads to homicide. Defendant was allowed the largest latitude in the examination of experts as well as others who knew defendant intimately as to the fact of his insanity, which we may add was altogether proper, as the evidence tended strongly, if it did not conclusively show, that insanity was a hereditary taint in defendant's family. The instructions given by the court in regard to the question of insanity are in harmony with what has heretofore been decided by this court. *State v. Redemeier, ante,* p. 173. The instruction given by the court as to murder in the second degree conforms to the ruling of this court in the case of the *State v. Wieners,* 66 Mo. 13, and is, therefore, unobjectionable.

It is insisted, however, that the court should in some instruction have properly defined the words malice and de-
3. MURDER: malice: liberation used in the said instruction. These
deliberation. are terms having a well defined legal meaning, and the jury should have been properly instructed in regard to them, and for its failure to do so the judgment will be reversed.

As this cause will be remanded, it may be well to observe that section 10, of article 13 of the constitution of
3. ——: constitu- 1820, which provides that " no person having
tional law. once been acquitted by a jury can, for the same offense, be again put in jeopardy of life and limb," * * and under which the case of the *State v. Ross, supra,* was decided, has been materially changed by section 23, article 2 of the constitution of 1875, by the addition to what has been copied of the following words: " And if judgment be arrested after verdict of guilty, on a defective indictment, or if judgment on a verdict of guilty be arrested for error in law, nothing herein contained shall prevent a new trial of the prisoner on a proper indictment, or

according to correct principles of law." The change thus made in the said section overthrows the rule laid down in the case of the *State v. Ross, supra,* that a person who is indicted for murder in the first degree, if tried and convicted of murder in the second degree, which judgment is reversed for error in law, cannot on a second trial be tried for murder in the first degree. They are equivalent to declaring that when such a judgment is reversed for error at law, the trial had is to be regarded as a mis-trial, and that the cause when remanded is to be tried anew, and when remanded, that it is put on the same footing as to a new trial as if the cause had been submitted to a jury resulting in a mis-trial by the discharge of the jury in consequence of their inability to agree on a verdict. It is difficult to conceive what other construction can be given to the words added to said section. Judgment reversed and cause remanded, in which all concur.