THE STATE v. BENJAMIN F. AUSTIN, Appellant.—300 S. W. 1083.

Division Two, December 31, 1927.

*Hiram N. Moore* and *Charles W. Graves* for appellant.

*North T. Gentry,* Attorney-General, and *J. D. Purteet,* Special Assistant Attorney-General, for respondent.

DAVIS, C.—The Circuit Attorney of the City of St. Louis filed in the circuit court a verified information based on Section 3347, Revised Statutes 1919, charging defendant with executing, with intent to defraud, to one Williams, in consideration of the debt mentioned therein, a chattel mortgage on a Seeburg orchestration organ of the value of six hundred dollars, without reciting therein that he had previously given to one Blase, in consideration of the debt mentioned therein, a chattel mortgage on the organ described, which was then and there outstanding and in full force. The jury returned a verdict fixing the punishment at two years in the penitentiary, defendant appealing from the judgment entered thereon.

The facts in behalf of the prosecution develop that defendant operated a moving picture house at 4262 West Finney Avenue in the city

of St. Louis. Defendant and the prosecuting witness, Reaf F. Williams, both negroes, were social acquaintances of a few years' standing. Two years or more previous to the offense charged Williams loaned defendant three hundred dollars on an unsecured note. Williams, desiring payment, importuned defendant to that end. Defendant told Williams that he was not able to pay him, and thereupon Williams came in contact with one Kessler, who owned the building in which the moving picture show operated. Having been told by defendant that he owed about twenty-five hundred dollars, Williams suggested that he had some money he would finance defendant provided he gave him a chattel mortgage on his effects. Thereupon Williams consulted his attorney, who advised him to refuse to make the loan, but later, upon being informed that Kessler would endorse the notes, he consented to the transaction. Thereupon defendant executed to Williams a chattel mortgage dated March 2, 1923, covering the following described property: One No. 1582 Powers Motion Picture Machine; one No. 3950 Powers Motion Picture Machine; one No. 64323 Seeburg Piano; four 16-inch Emerson oscillating wall electric fans; one IXL 24-inch exhaust fan; one Belco 48-inch exhaust fan; 487 iron frame, veneer back and seat, opera chairs; one mercury arc rectifier; subject to a first chattel mortgage of record in favor of H. Kessler. Secured by the mortgage were eighteen $100-notes of defendant payable monthly, the consideration of all of which was made up of a payment to defendant of $1350 in cash, the $300 previously borrowed and $150 paid to Williams's attorney for drawing the chattel mortgage. This mortgage was recorded. The notes bore interest at the rate of eight per cent per annum until paid.

The information charges that defendant with intent to defraud executed the mortgage to Williams on the property described, having previously executed a mortgage to Blase dated June 30, 1922, for six hundred dollars. The mortgage to Blase covered nothing more than one Seeburg orchestration organ now located in the Pendleton Theatre, 4262 West Finney Avenue, together with the leasehold on said Pendleton Theatre and the option to renew the same. The mortgage to Blase secured a promissory note of six hundred dollars payable in twelve installments of fifty dollars each, due on the thirtieth day of each month thereafter with interest at the rate of —— per cent per annum from maturity.

Prosecuting witness Williams for the State first testified that the instrument mortgaged to him was a piano. He modified his testimony, however, by stating that it was one organ and piano operated by electricity with a trap drum and other instruments attached. Williams later testified that the instrument was an organ, a combination organ and piano, and that it could be operated by the same operator. He further testified in answer to the question, "How many pianos or

organs are out there in that picture show?'' that there was one organ and piano combined. It seems that when Williams turned over a cashier's check to defendant, Kessler, who was present, took the check and appropriated the proceeds. The value of the organ was shown to be five hundred dollars.

Witness Alewell for the State testified that the instrument was a piano. The court permitted the State to show that four or five years prior thereto defendant mortgaged one J. P. Seeburg Orchestrion, No. 64323, to one Vette, and that this mortgage was foreclosed by his representative Alewell after defendant gave the chattel mortgage to Williams.

The evidence for the defense tended to show that defendant owned and had in his moving picture house two Seeburg musical instruments, one of which was a combination instrument and the other a straight electric piano. Such other facts as are pertinent will later appear.

I. It is the contention of defendant that a demurrer to the evidence should have been sustained, because there was a fatal variance between the allegations of the information and the proof in support thereof, resulting in a total failure of proof. The information charges that defendant mortgaged to Blase, and later to the prosecuting witness Williams, a certain Seeburg orchestration organ. The chattel mortgage to Blase introduced in evidence by the State covers one Seeburg orchestration organ, while the mortgage to Williams covers one No. 64323 Seeburg piano. According to the parol testimony of Williams the instrument mortgaged to him was neither an organ nor a piano, but a combination of both. It may then be readily seen that the proof that defendant conveyed by mortgage to Williams a piano, or as the testimony of Williams shows, a combination organ and piano, does not correspond with the allegation of the information that defendant mortgaged to Williams an organ. It is evident that a piano is not an organ. It is also evident that a combination organ and piano, a probably impossible instrument, is not an organ. It may be that defendant intended to mortgage to Williams the same musical instrument that he mortgaged to Blase. If the instrument was erroneously described in the mortgage to Williams, the information, after averring the description of the instrument as set forth in the mortgage, should have averred that such description was erroneous, then averring a true description of the instrument and the intention to mortgage the instrument as correctly described. [Coleman v. The State, 21 Tex. App. 520, 2 S. W. 859.] Any other result reached would deny information to defendant necessary to his defense. It would also be too indefinite as the basis of a plea of former conviction or acquittal. While the instructions, in view of Section 4079, Laws 1925, page 198,

and the ruling in State v. Standifer, 289 S. W. 856, may not be considered because the grounds are not set forth in the motion for a new trial in detail, yet as we are returning the cause to the trial court for a new trial, we think it proper to say that the instructions should as near as may be follow an amended information and require the jury to find in substance that the mortgage to Williams incorrectly described the musical instrument as a piano and that it was the intention to mortgage to Williams the same organ or musical instrument that defendant had previously mortgaged to Blase. It is clear that the record develops a variance between the allegations of the information and the proof and that error obtained.

II. The record develops that defendant previously had been tried before a court and the jury on the same charge, the jury returning a verdict of guilty. In due time the defendant filed a motion for a new trial, which the court sustained on the ground that it erred in overruling demurrers to the evidence presented. Subsequently defendant successively filed a motion for discharge and a plea in abatement, the court overruling them. Error is assigned on the hypotheses that the sustention of the motion for a new trial on the ground assigned was in effect an acquittal of the charge, thus developing a plea of former jeopardy.

Section 23, Article 2, of the Missouri Constitution, after prescribing "nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty," reads as follows: "and if judgment be arrested after a verdict of guilty on a defective indictment or if judgment on a verdict of guilty be reversed for error of law, nothing contained herein shall prevent a new trial of the prisoner on a proper indictment, or according to correct principles of law." Defendant avers that according to the record he has twice been put in jeopardy for the same offense. However, we do not so interpret the record. The constitutional provision above referred to is controlling. Moreover, notwithstanding the trial court sustained the motion for new trial on the ground that it should have directed a verdict of acquittal, the defendant in moving and requesting a new trial waived the right to plead former jeopardy. [State v. Sims, 71 Mo. 538; United States v. Ball, 163 U. S. 662, 12 Sup. Ct. 1192, 14 L. Ed. 300; Trono v. United States, 199 U. S. 521, 26 Sup. Ct. 121, 50 L. Ed. 292, 4 Ann. Cases, 773; 16 C. J. 259; 8 R. C. L. 160.]

III. It is said that the chattel mortgage to Blase was based upon an usurious loan as shown by the State's evidence, thus rendering the chattel mortgage under Section 6496, Revised Statutes 1919, illegal and void. The position taken is that a chattel mortgage void in law

is not a mortgage upon which a prosecution can be predicated. We have been unable to find a case involving a similar issue. However, a reading of the State's evidence fails to show, as defendant contends, that usury was involved in the transaction. Blase produced checks showing that he paid defendant $350 and $150. Blase testified that there were payments in addition to the payments of $350 and $150 on that account. He failed to remember and could not state the amount of the additional payments, due to the fact, so he said, that such additional payments were made before the company began business and at a time when the books were not kept with accuracy. Without evidence clearly showing the amount of money Blase loaned and paid defendant in the mortgage loan transaction so as to positively establish that the loan was usurious, defendant's contention that the chattel mortgage was illegal and void cannot be sustained.

IV. Defendant complains of error on the part of the court in admitting in evidence a chattel mortgage to one Vette on a Seeburg orchestrion and in permitting his representative Alewell to testify regarding the foreclosure of the chattel mortgage. The execution and delivery of the chattel mortgage to Williams without reciting the prior mortgage to Blase became an offense only when done with intent to defraud as the information alleges. Evidence of the execution and delivery of a prior chattel mortgage to Vette covering the same property was admissible to show such intent. [State v. Samis, 296 Mo. 471, 246 S. W. 956; State v. Fischer, 297 Mo. 164, 249 S. W. 46.] As other errors complained of may not recur, we refrain from discussing them.

For the error occurring as heretofore noted, we reverse the judgment and remand the cause. *Henwood, C.,* concurs; *Higbee, C.,* absent.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.