**Louis Otto SPIDLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54410.

Supreme Court of Missouri,
Division No. 1.

Nov. 10, 1969.

Philip H. Schwarz, St. Joseph, for movent appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Charles A. Blackmar, Asst. Atty. Gen., Jefferson City.

WELBORN, Commissioner.

Louis Otto Spidle was charged in the Buchanan County Circuit with assault with intent to kill with malice aforethought. § 559.180, RSMo 1959, V.A.M.S. A jury found him guilty, by verdict returned June 8, 1965, of the lesser included offense of assault without malice. § 559.190, RSMo 1959, V.A.M.S. His punishment was fixed at five years' imprisonment. On appeal, the conviction was reversed because of error in the trial court's failure to excuse a juror for cause. State v. Spidle, Mo.Sup., 413 S.W.2d 509.

Upon a second trial on the original information, a jury, on December 14, 1967, found the defendant guilty of assault with intent to kill with malice and fixed the punishment at eight years' imprisonment. No appeal was taken from this sentence and the defendant entered the Missouri State Penitentiary on March 29, 1968.

On September 25, 1968, a motion under Criminal Rule 27.26, V.A.M.R., was filed in his behalf. He sought to have his conviction set aside on the grounds that his second conviction violated double jeopardy prohibitions of state and federal constitutions because the verdict at his trial in effect found him not guilty of the greater offense for which he was convicted on the second trial. Alternatively, the petition sought correction of his sentence to the five-year term imposed on the first trial.

These contentions call for consideration of the effect of two decisions of the United States Supreme Court, handed down June 23, 1969. The first, Benton v. State of Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, held the double jeopardy prohibition of the Fifth Amendment to the Constitution of the United States applicable to the states through the Fourteenth Amendment. Application of such a

federal double jeopardy standard in this state will require the abandonment of the construction heretofore given the state constitutional provision on double jeopardy. § 19, Art. I, Const. of Mo., 1945. Since the 1875 Constitution was adopted, this Court has held that, upon the reversal of a judgment of conviction and the remand of a cause for a new trial, the new trial is on the same footing as if the original trial had ended in a mistrial by reason of the jury's failure to agree on a verdict. State v. Simms, 71 Mo. 538, held that the 1875 constitutional provision reversed prior cases (State v. Ross, 29 Mo. 32) which held that a retrial could not be held on a charged greater offense when the first trial, later reversed, had resulted in a finding of guilt on a lesser included offense. In State v. Crane, Mo.Sup., 420 S.W.2d 309, the court rejected the contention that federal standards should apply and held inapplicable Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, which, in effect, laid down the pre-1875 Missouri rule as the federal rule. Now, the absence noted in Crane (420 S.W.2d 313[4]) of United States Supreme Court authority for application of federal standards to state prosecution having been supplied by Benton, there can be no doubt that application of such standards would preclude appellant's retrial on the charge of assault with malice, after the earlier jury found him guilty of only the lesser offense. Green v. United States, supra.

The state urges, however, that the application of Benton to this case must be considered in the light of the United States Supreme Court's rulings on whether or not such a decision as Benton is to be applied retrospectively. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed. 2d 601, held that decisions expounding new rules affecting criminal trials are not required by the constitution to be given retrospective effect. A succinct review of the application by the court of the "non-retroactivity" doctrine is found in footnote 1 to Mr. Justice Fortas' dissent in Desist v. United States, 394 U.S. 244, 270, 89 S.Ct. 1030, 1048–1049, 22 L.Ed.2d 248:

"Linkletter held that the Court's decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that illegally-seized evidence was not admissible in state prosecutions, should not be applied 'retroactively.' In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the Court held that its decision in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 106 (1965), that it violates the privilege against self-incrimination for the prosecution or the trial judge to comment on a criminal defendant's failure to testify in his defense, should not apply 'retroactively.' Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), held that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), should not apply 'retroactively.' Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), held that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), both of which related to the right to counsel at a pretrial lineup, should not be applied 'retroactively.' In DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), the Court held that the right to trial by jury in state criminal prosecutions that had been established in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), was not 'retroactive.' Finally, the Court held in Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968), that Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968), was not 'retroactive.' Lee ruled that evidence obtained in violation of § 605 of the Federal Communications Act of 1934, 48 Stat. 1103, 47 U. S.C. § 605, was inadmissible in state criminal prosecutions."

Desist held that the prohibition against electronic eavesdropping, established in Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 506, should not apply to "the fruits of electronic surveillance" conducted prior to the Katz decision.

In Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, the court laid down the criteria for resolving the question of prospective or retrospective application of new constitutional standards as follows:

"* * * The criteria guiding resolution of the [retroactive application] question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards. * * *"

The purpose of the Benton decision is to make applicable throughout the United States "a fundamental ideal in our constitutional heritage." 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707. The court so stated, in equating the right recognized in Benton, with the right of trial by jury, held in Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L. Ed.2d 491, to be "fundamental to the American scheme of justice." However, as above noted, the court declined, in De-Stefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, to apply Duncan retroactively. The supreme court's analogizing the fundamental nature of the rights involved in Duncan and Benton justifies the conclusion that the purpose to be served by Benton does not require its retroactive application.

Considering the second of the criteria, "the extent of the reliance by law enforcement authorities on the old standards," we do know that, as above noted, since the 1880 decision in State v. Simms, supra, law enforcement authorities in Missouri have relied upon the application laid down in that case of the Missouri constitutional protections against double jeopardy. Missouri has not applied its doctrine in isolation. As recently as 1957, as noted in a footnote to Mr. Justice Frankfurter's dissent in Green v. United States, 355 U.S. 184, 216, 78 S.Ct. 221, 2 L.Ed.2d 199, nineteen of the thirty-six states that had considered the question permitted retrial for the greater offense. Such widespread reliance would weigh against retroactive application of Benton. Likewise, the extent of the reliance upon the old standards could cause retroactive application of the new standards to have substantial adverse effect on the interest of society that a person convicted of a crime at an error-free trial be required to accept the consequences which the law imposes.

Therefore, we are not convinced that Benton is required to be given retroactive effect. Rather, in the light of criteria which the authors of the "non-retroactivity" doctrine have supplied us, we find that doctrine here applicable.

■ Turning to the second point here urged, that the second sentence should be corrected to be limited by that imposed upon the first trial, we are of the opinion that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, is not here controlling. That case dealt with constitutional limitations upon the imposition by a judge of a more severe sentence upon a defendant after a new trial. 395 U.S. 725, 726, 89 S.Ct. 2080, 2081, 23 L. Ed.2d 669, 670. Here the second sentence was imposed by a jury, without knowledge of the prior trial. Considerations found to require the result reached in Pearce are not applicable.

The appellant also urges the adoption of a policy of prohibiting the imposition of a more severe sentence upon a second trial. In view of our procedure, under which the punishment, within the range fixed by law, is primarily prescribed by the jury, we re-

ject the adoption of such a rule on the basis here urged.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., absent.