**Freddie MURRAY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56263.**

Supreme Court of Missouri,
Division No. 2.

Jan. 10, 1972.

James E. Thompson, Jr., Harrisonville, for movant-appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Freddie Murray, was convicted of first-degree robbery in the Circuit Court of Cass County, Missouri, and his punishment was assessed at confinement in the penitentiary for a term of twenty-five years. The conviction was affirmed on direct appeal. State v. Murray, Mo.Sup., 445 S.W.2d 296.

On March 18, 1970, a motion to vacate was filed under S.Ct. Rule 27.26, V.A.M.R.,

and an evidentiary hearing was held with appellant and counsel present on May 26, 1970. On August 24, 1970, the trial court entered findings of fact and conclusions of law, and denied the motion to vacate. An appeal followed.

■ Appellant's first contention is that the trial court erred in failing to set aside his conviction in that he did not have competent and effective representation by legal counsel because his "legal counsel did not properly prepare for the trial nor confer with [him] prior to trial."

We have reviewed the record on appeal and believe there is substantial evidence to support the following findings of fact and conclusions of law, made by the trial court on this issue:

"As to petitioner's first ground of denial of adequate representation, the Court finds that the defendant was adequately represented upon the basis of the testimony of H. H. McNabb, who testified on the motion, and on the basis of an examination of the transcript of the trial of this case, which discloses that all of the appointed counsel in this case diligently and properly represented the defendant; and Mr. McNabb demonstrated to the Court at the time of the hearing upon this motion, the file accumulated by himself and other counsel previously representing the defendant, which demonstrates that counsel had diligently and properly investigated and assisted the defendant in his defense. The Court specifically finds that Mr. McNabb and other counsel had adequately and properly conferred with the defendant concerning the defense of his case, and the petitioner's assertion of only five minutes conference prior to trial is without basis in fact.

"Petitioner further asserts, in connection with his claim of inadequate counsel, that the witness named Benny Craig was not called in defense of the case; and the Court specifically finds that upon this issue, the defendant was not prejudiced by the failure to call said witness, and that there is no indication in the record that said witness could have been located or would have testified favorably in the event he was located.

"Petitioner further alleged that one of the witnesses for the State, Walter Grimes, was not impeached by counsel by use of a letter which petitioner claims would have demonstrated that the officer had testified improperly that the defendant had a driver's license. At the hearing of this motion, the evidence in support of this appears to be movant's unsupported statement that there was in existence, a letter from the Missouri authorities concerning his not having had a driver's license for a long period of time; and that likewise, the basis for such impeachment rests upon movant's unsupported statement that the officer testified to such a fact in the Preliminary Hearing which was apparently not reported. No such evidence was presented by Police Officer Grimes in the trial of the case, and no prejudice could have resulted to defendant even if the Court assumed, which the Court does not, that his statements are true and correct with respect to such allegations. Movant testified that he assumed there was friendship between counsel and the witness, but had no factual basis for the allegation contained in his motion other than such assumption by movant. And the Court specifically finds that there was no improper relationship between counsel for the defendant and the witness Grimes.

"Movant further complains that evidence was admitted with respect to the pistol found in the automobile occupied by the defendant, and the money found in the possession of the defendant and his co-defendant, Keeny. And movant makes complicated argument with respect to the amounts of money and where the same was found. The Court finds, from the transcript of the evidence in the trial, that insofar as such claim by movant relates to the failure on the part of counsel to properly object to the admission of such testimony,

the same is not founded in fact. Counsel attempted to exclude evidence concerning the money and the pistol and was overruled by the court; movant raised the same point on his appeal to the Supreme Court of Missouri, which was ruled against him. The Court finds that the actions of trial counsel in the trial of the case were proper and correct insofar as they bear upon the question of the admission of the evidence concerning the money and the pistol; that no prejudice has resulted to the defendant by reason of the actions of his counsel.

"Movant further alleges that he was prejudiced and proper representation was denied him with respect to his request; that it is unsupported by any competent evidence. The Court finds specifically that movant's allegations that no work was being done or that he requested change of counsel are without basis in fact; that if he made such request, he freely and voluntarily withdrew his request for the purpose of obtaining a speedier trial; that petitioner was not sick or disabled at the time of trial, so as to prevent his properly aiding in the defense of his case.

"Movant further asserts that the appointment system of the State of Missouri, resulted in his being represented by inadequate counsel, which reasserts his ground that counsel had improperly investigated and prepared his case for trial. Movant submitted no evidence with respect to this, and the Court specifically finds that proper investigation and representation were afforded the defendant by the attorneys appointed by the Court, and that no prejudice to the defendant has resulted by reason of failure of counsel to properly represent him.

"Movant also complains that his attorney failed to ask proper questions on voir dire examination to discover the fact that Robert Hockaday, one of the jurors who served in the case, was a relative of the Superintendent of the Missouri State Highway Patrol. The Court specifically finds that movant and also his attorney had no knowledge of such relationship at any time prior to the filing of movant's motion herein, and that movant himself, discovered the almost casual relationship of the juror, Robert Hockaday, and the present Superintendent of the Missouri State Highway Patrol, long after the trial. The Court finds as a fact, that juror Robert Hockaday was not prejudiced by reason of his relationship to the Superintendent of the Missouri State Highway Patrol, from the testimony of the witness Hockaday at the hearing on this motion. The Court finds that no prejudice to the defendant resulted from the failure of the defendant to be advised of this fact at the time the jury was selected.

"Movant alleges that he was inadequately represented by failure of defendant's attorney to make proper objections to certain evidence offered at the trial. The Court finds from the examination of the transcript, that counsel made adequate and proper objections to the introduction of all evidence offered by the State, that was subject to objection, and that in the exercise of judgment by competent and experienced trial attorney, certain tactics were pursued in the trial of the case, which in the judgment of the attorney, were the appropriate ones for the circumstances of the case, and that movant's claim of inadequate representation by reason of the exercise of judgment by his appointed counsel is without merit."

▉ Appellant next contends the trial court erred in failing to set aside his conviction in that he was deprived of effective legal counsel "by the State failing to furnish movant's attorney funds for representation of movant." We need not consider the legal aspects of this contention. Appellant's trial counsel testified at the evidentiary hearing as follows:

"Q Were you paid for your services in this matter?

A No, sir.

Q Did you receive—

A Nor reimbursed for any expenses.

Q  All right.  Do you feel like if the defendant would have been in a position to pay you, that you might have done more investigation of this matter?  A  No, sir.

Q  Would it—Do you think it would have aided in the defense of Mr. Murray, if he would have had money to defend himself?

A  No.  As I indicated earlier, I felt like at the conclusion of this trial, that it had been a good defense.  I couldn't have, I think, done any more regardless of how much I might have been paid."

Appellant's next contention is that the trial court erred in failing to set aside his conviction because he "was deprived of effective legal representation at all stages of the proceedings."  This contention relates to a "confrontation" on July 25, 1965.  Appellant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.  The law announced in *Wade* does not apply to confrontations conducted prior to June 12, 1967.  Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

■  Appellant next asserts that the trial court erred in not setting aside his conviction in that "he was placed in double jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Art. I, Sec. XIX of the Missouri Constitution [V.A.M.S.]."

Appellant was charged by information in Bates County of having committed first-degree robbery in Bates County.  On February 18, 1967, appellant requested a change of venue and the cause was ordered transferred to Cass County.  The case was set for trial in Cass County on June 19, 1967.  On June 19, 1967, a panel of jurors was sworn.  However, prior to any voir dire examination, the Court discovered the transcript from Bates County showed no order of change of venue, and that the Circuit Court of Cass County had no jurisdiction of the cause.  The Court dismissed the jury panel.  On June 20, 1967, a copy of the minutes from the docket of Bates County was filed in Cass County, showing transfer on change of venue to Cass County.  The case was then set for trial on June 28, 1967, and the case proceeded to trial on June 28, 1967.

We, of course, recognize that the double jeopardy provision of the Fifth Amendment to the Constitution of the United States was made applicable to Missouri prosecutions in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.  However, in view of the circumstances surrounding the dismissal of the jury panel in this case, we are convinced that the trial judge made every effort, within the dictates of United States v. Jorn, 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543, "to exercise a sound discretion to assure that, taking all the circumstances into account, there was a manifest necessity" to abort the proceeding.  The case of Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, is not controlling here.  In *Downum*, the jury was *selected* and sworn *to try the case.*  Here, a panel was sworn for the purpose only of conducting a voir dire examination.  In our opinion, the double jeopardy provision of the Fifth Amendment was not violated in this case.

■  Further, the double jeopardy provision of Art. I, § 19 of the Missouri Constitution was not violated in this case.  It applies "only where there has been an acquittal of the defendant by a jury."  Kansas City v. Henderson, Mo.Sup., 468 S.W.2d 48, 52.

Appellant's next contention is that the trial court erred in not setting aside his conviction in that he was deprived of a speedy public trial by a fair and impartial jury, because the State "used perjured evidence to obtain the conviction of movant."  No evidence was introduced at the evidentiary hearing to support this assertion.  The trial court found "that no perjury occurred."

Appellant finally contends the trial court erred in not setting aside his conviction (1) because he "was deprived of a speedy trial

in violation of the statutes of the State of Missouri and the Sixth Amendment of the United States Constitution"; (2) because he "was deprived of [a] fair and impartial jury trial as the jury was allowed to separate in a capital case"; and (3) because "his rights as guaranteed by the Constitution guaranteeing him due process of law were violated in that he was subjected to unlawful searches."

These issues were raised and decided on direct appeal. We decline to consider them again on this appeal. Gailes v. State, Mo. Sup., 454 S.W.2d 561[2].

We have reviewed the entire evidence in this case and have concluded that the findings of the trial court are not clearly erroneous.

The judgment is affirmed.

MORGAN, P. J., HENLEY, J., and FINCH, Alternate Judge, concur.