**Larry Raymond GATES, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 27000.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Richard L. Colbert, North, Colbert & Pendleton, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

DIXON, Chief Judge.

This is an appeal by Larry Raymond Gates from a denial, following an evidentiary hearing, of his Rule 27.26, V.A.M.R., Motion to Vacate Judgment of Conviction and Sentence of forty years entered upon a jury verdict of guilty of robbery first degree. While a number of grounds for relief were set forth in appellant's original motion, only two points of error have been presented to this court for review.

Initially, Gates complains that the trial court erred in overruling his Rule 27.26 motion because his trial and resulting conviction violated the double jeopardy provision of the Fifth Amendment to the Constitution of the United States. Gates was charged with first degree robbery. On November 4, 1969, proceedings were begun in Cause No. 38492 by the summoning of a jury panel to the Division 9 courtroom of the Circuit Court of Jackson County, Missouri. Twelve jurors were selected but not sworn. The following day the cause was dismissed against appellant without prejudice for want of prosecution. Subsequently, a charge for robbery first degree was refiled against appellant, and a jury trial was held.

The trial court made the finding that Gates was not placed in double jeopardy since the jury in Cause No. C–38492 was not sworn, and the cause dismissed by the State, relying on Murray v. State, 475 S. W.2d 67 (Mo.1972).

 The record of the proceeding now being reviewed is barren of any specific reason for the dismissal for want of prosecution. United States v. Jorn, 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971), requires that the trial court " . . . exercise a sound discretion to assure that, taking all the circumstances into account, there was a manifest necessity . . . " to abort the proceeding. Gates, as movant, had the burden to show that the circumstances were such that the trial court was not in the exercise of a sound discretion in ordering the dismissal.

State v. Conner, 500 S.W.2d 300 (Mo.App. 1973).

 Appellate review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 27.26(j); Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). So viewed, the trial court's finding must be sustained.

 Finally, Gates claims that the trial court erred in overruling his motion for a change of judge in the 27.26 proceeding filed the morning of the hearing and after denial of a continuance. This point is without merit as appellant's motion was not timely filed. Rule 51.05; Warren v. State, 501 S.W.2d 173 (Mo.1973). Further, appellant has failed to adduce such evidence of bias as would deny him a fair evidentiary hearing. See State v. Vermillion, 486 S.W.2d 437 (Mo.1972); Crimi v. Crimi, 479 S.W.2d 195 (Mo.App.1972). Accordingly, the judgment of the trial court is affirmed.

All concur.