John Hilary DURHAM,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36146.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 12, 1975.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 10, 1975.

Wion, Burke & Boll, Bernhardt W. Klippel, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Richard E. Vodra, Scott A. Raisher, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Allred, St. Louis, for respondent.

RENDLEN, Judge.

Appeal from an order denying appellant's Rule 27.26[1] motion to vacate judgment of conviction entered on a guilty verdict of statutory rape and to set aside the thirty-five year sentence imposed under the provisions of the Habitual Criminal Act, § 556.-280, RSMo 1959, V.A.M.S. Appellant contends: (1) he was subjected to double jeopardy; (2) he was denied effective assistance of counsel in that his lawyer was ignorant of the law controlling psychiatric examinations on the issue of mental competence and failed to request a second examination to determine appellant's fitness for trial; and (3) the court improperly refused an evidentiary hearing to determine appellant's competence to proceed with trial. We affirm the judgment of the trial court.

On January 23, 1964, an indictment was filed charging appellant with seven prior convictions and statutory rape. Trial was held in May, resulting in a declaration of mistrial, followed by a second attempt which ended in mistrial June 15.

Three months later appellant's motion for mental examination was considered, sustained and appellant admitted for mental examination to Malcolm Bliss Mental Health Center in St. Louis. Appellant entered the Health Center September 29 and was under observation as to his mental condition until discharged October 21. A detailed seven-page psychiatric evaluation, received and considered by the trial court, included the following:

> " 'We feel there is no mental disease or defect which would have made him unable to know or appreciate the nature, quality, or wrongfulness of his acts or would make him unable to conform his actions to the requirements of law.
>
> We further feel there is presently no mental disease or defect which would make him unable to cooperate with counsel in his own defense. His insistence that he is not guilty of the crime for which he is charged . . . is apparently associated with his refusal to follow his counsel's recommendations and advice. However, we do not find evidence of mental disease or defect that would make him unable to cooperate with his counsel.' "

The third attempt at trial began November 16, resulting again in mistrial. The fourth, beginning January 5, 1965, concluded with a guilty verdict, judgment, thirty-five year sentence and affirmance on appeal to the Missouri Supreme Court. *State v. Durham*, 418 S.W.2d 23 (Mo.1967). Appellant had been assigned counsel at the inception of the criminal cause, but prior to the first trial retained private counsel, who represented him through the four trials and the original criminal appeal.

Appellant, pro se, filed his motion for post-conviction relief in 1968, followed by a supplemental motion, filed by court-appointed counsel. Under these pleadings the cause was heard and judgment entered denying movant relief. On appeal the cause was remanded for further proceedings relative to appellant's claim of double jeopardy. *Durham v. State*, 473 S.W.2d 397 (Mo.1971). On September 27, 1972, the circuit court, on further hearing, again denied appellant's motion, including the claim of double jeopardy. The present appeal, filed in the Supreme Court of Missouri, was transferred here under the provisions of Art. V, § 3, Mo.Const.

---

1. All references are to V.A.M.R. and RSMo 1969, V.A.M.S., unless otherwise indicated.

■ Appellant first contends he was subjected to double jeopardy contrary to the fifth amendment of the U.S.Const., as applied to the states under the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Although Justice Stewart in a footnote to *Ashe v. Swenson,* 397 U.S. 436, 437, 90 S.Ct. 1189, 1191, 25 L.Ed.2d 469 (1970), stated that "there can be no doubt of the 'retroactivity' of the court's decision in *Benton v. Maryland,"* the Missouri Supreme Court rejected retroactive application of *Benton* in *Spidle v. State,* 446 S.W.2d 793, 794[1] (Mo. 1969). Anticipating the appeal would be heard by our Supreme Court, appellant asked that *Spidle* be reconsidered. This court has no authority to reconsider or overrule *Spidle,* Mo.Const., Art. V, § 2; *MFA Mutual Ins. Co. v. Berry,* 481 S.W.2d 513, 516[2] (Mo.App.1972); but, regardless of the applicability of *Benton,* appellant's contention is without merit.

The state attempted to try appellant four times, bringing the case to a conclusion at the trial level only on the fourth attempt. On the first attempt, May 12, 1964, a mistrial was declared when the jury was unable to reach a verdict. On June 16, 1964, the second attempt resulted in mistrial at the request of appellant during presentation of the state's case. Appellant's trial was undertaken the third time in November of that year, but before the selection of a jury, mistrial was declared because of a death in the family of the prosecuting witness. On the fourth attempt the trial was completed, verdict reached and judgment entered.

■ Appellant argues he was placed in jeopardy as a result of the first and third trials, making the fourth impermissible. Art. I, § 19, Mo.Const., provides in part:
"That no person shall be compelled to testify against himself in a criminal cause, nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; but if the jury fail to render a verdict the court may, in its discretion, discharge the jury and commit or bail the

prisoner for trial at the same or next term of court; . . . ."
Appellant was not acquitted in any of the proceedings and the successive trials were not violative of our constitution's double jeopardy clause nor that of the fifth amendment. Although *Benton* was denied retroactive application in this state by *Spidle v. State, supra,* there is no discernible difference in the application here between the fifth amendment guarantee against double jeopardy and that guaranteed under the law of Missouri. *State v. Aguilar,* 478 S.W.2d 351, 354[3] (Mo.1972). Neither affords appellant relief.

Termination of the first trial with a hung jury does not constitute acquittal, and declaration of a mistrial for failure of the jury to reach a verdict does not bar subsequent trials. *Ward v. State,* 451 S.W.2d 79, 81[4, 5] (Mo.1970). See *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

■ Concerning the third trial: "The general rule is clear: in a jury case, jeopardy attaches when the jury is impaneled and sworn . . . This rule like most other rules, however, is not without important exceptions. Thus, even after the jury has been sworn, 'a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.' " *United States v. Brown,* 481 F.2d 1035, 1040[2] (8th Cir., 1973). The threshold issue in double jeopardy cases is whether jeopardy has in fact attached at any prior proceedings. In a jury trial jeopardy does not attach until the jury has been selected and sworn and declaration of mistrial prior thereto constitutes no prohibition to subsequent trial on the same issues. *Murray v. State,* 475 S.W.2d 67, 70[3] (Mo.1972); *State v. Fields,* 487 S.W.2d 560, 562[4] (Mo.1972). See *Downum v. United States, supra.* Since no jury was sworn, the mistrial during voir dire did not preclude a subsequent trial. Appellant's contention of double jeopardy is without merit.

Appellant next urges the trial court erred in overruling his motion to set aside the judgment and sentence because (Point II) of ineffective assistance of counsel in violation of his rights under the sixth and fourteenth amendments of the United States Constitution and (Point III) because the trial court erred in failing to order sua sponte an evidentiary hearing to determine appellant's competence to stand trial.

These issues were not raised in appellant's pro se 27.26 motion nor the amended motion filed by counsel. It was counsel's "duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included." Rule 27.26(h). Such points, not contained in the original or amended motion and appearing for the first time in appellant's brief, are not preserved for appeal. Rule 27.26(c); *Shubert v. State,* 518 S.W.2d 326, 328[2] (Mo.App.1975).

Point II, in the form set forth in appellant's brief, is defective for the further reason it fails to meet the mandate of Rule 84.04(d) that "points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . ." See *State v. Gantt,* 504 S.W.2d 295, 297[1] (Mo. App.1973). "Points relied upon by any appellant (seeking reversal) should definitely isolate and formulate the precise issues to be reviewed, and if that function is observed at all, it should not be relegated to the argument portion of the brief." *State v. Freeman,* 489 S.W.2d 749, 752[1] (Mo. App.1973). "The appellate courts of this State can no longer afford the luxury of searching the Argument section of appellants' briefs for the purpose of discovering if sufficient particularity might be found therein to enable them to determine why the orders of judgments of a trial court are erroneous." *Griffin v. State,* 513 S.W.2d 706, 708 (Mo.App.1974).

In an appropriate case, we may examine for plain error. This we have done in painstaking detail. Our study has taken us through the appellant's statement and brief in the original appeal, appellant's pro se brief and the brief of counsel in the second appeal, respondent's original and supplemental briefs in the current appeal, the multi-volume transcript and the entire record of the criminal proceedings as well as the transcripts of the two appeals in these post-conviction proceedings. Finding no reversible error, we affirm the judgment of the trial court.

DOWD, P. J., and WEIER and CLEMENS, JJ., concur.