STATE of Missouri, Respondent,

v.

Andrew SALES, Appellant.

No. 10282.

Missouri Court of Appeals, Springfield District.

Sept. 22, 1977.

Motion for Rehearing or Transfer Denied Oct. 5, 1977.

Application to Transfer Denied Nov. 14, 1977.

W. H. Winchester, III, Blanton, Blanton, Rice & Sickal, Sikeston, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Andrew Sales, charged as a second offender, was found guilty by a jury of the offenses of burglary and stealing. He received consecutive sentences of three years for the burglary and two years for stealing.

This appeal by defendant is from the judgment entered in a second trial for the same offenses. At the first trial the jury was unable to reach a verdict and a mistrial was declared.

Defendant's first point is that the trial court, in subjecting him to the second trial, violated the "double jeopardy" provisions of the federal and state constitutions. "Termination of the first trial with a hung jury does not constitute acquittal, and declaration of a mistrial for failure of the jury to reach a verdict does not bar subsequent trials." Durham v. State, 538 S.W.2d 881, 883[2] (Mo.App.1975) and authorities there cited. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in admitting into evidence certain testimony of state's witness John Dennis, Sheriff of Scott County. The point is valid.

The information alleged that one of the items stolen in the burglary was "a Victor calculating machine." The sheriff testified that on the day following the burglary an "unidentified informant" brought a Victor calculator to the sheriff's house. Over defendant's hearsay objection, the following testimony was elicited by the prosecutor:

"Q. Now, sheriff, let me ask you what did this informant tell you concerning his purchase of the Victor calculator?

"A. He said he purchased this for $40 from Andrew Sales and Marvin Thomas."

The state's brief, with commendable candor, concedes that the quoted testimony was hearsay. The state argues, however, that the introduction of the evidence was harmless error because "the state introduced [defendant's] confession which clearly proved his involvement in the burglary and stealing offenses."

Harmless error is not a ground for reversal; however, "error in the admission of evidence should not be declared harmless unless it is so without question." State v. DeGraffenreid, 477 S.W.2d 57, 64[14] (Mo. banc 1972). On the same page the court quoted with approval the following statement from State v. Wynne, 353 Mo. 276, 182 S.W.2d 294, 300 (1944): "The record does not demonstrate that the defendant was not injured by the error as by showing that the jury disregarded or could not have been influenced by the evidence." "[E]rror which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." DeGraffenreid, supra, 65[15].

Defendant's brief, in a separate point, challenged the admissibility of statements made by defendant to law officers after he was taken into custody. This appeal was argued and submitted to this court on April 13, 1977. On June 3, 1977, this court entered an order remanding the case to the circuit court for an evidentiary hearing on the issue of the voluntariness of defendant's statements, written and oral.[1] The order required the circuit court to make an express finding on that issue. The order fur-

---

1. The order of June 3, 1977, was in accordance with procedure followed in State v. Bridges, 491 S.W.2d 543, 545[2, 3] (Mo.1973); State v. Edwards, 435 S.W.2d 1, 5[5] (Mo.1968); State v. Glenn, 429 S.W.2d 225, 237–38[30] (Mo. banc 1968).

ther read: "If, after such hearing, the court finds and determines that any such confession was involuntary it shall grant a new trial on all issues and, on such new trial, shall not admit evidence of any such involuntary confession."

Upon remand defendant filed an application to disqualify Judge Marshall Craig who had presided at the trial. Although stating that he found no proper ground for the application,[2] Judge Craig disqualified himself. The hearing on remand was conducted before Judge A. J. Seier.

At the hearing before Judge Seier the court asked *defense counsel* whether or not there was any contention "that the man was not advised of his constitutional rights." Counsel responded, "No contention, Your Honor." The interrogating officers testified that the Miranda warnings were timely given. Defendant's testimony, which was somewhat garbled, conflicted with that of the officers on that topic.

After hearing the testimony on the issue of voluntariness of the confessions, written and oral, Judge Seier made certain findings. Although Judge Seier found that defendant's written confession was voluntary, he also stated that he did "not find that the defendant was adequately advised of his constitutional rights before giving any oral statements, therefore those statements, in my opinion, would be inadmissible." Judge Seier did not order a new trial but ordered that a transcript of the confession hearing be certified to this court.

The foregoing record falls short of a showing that the trial court found "with unmistakable clarity" (*Sims v. State of Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967)) that the oral confession was voluntary.

In view of the unsatisfactory condition of the record concerning the confessions and the fact that the first trial resulted in a hung jury, this court may not declare that the admission of the testimony embraced in defendant's second point was harmless error.

On the present record this court refrains from ruling the correctness of Judge Seier's finding that the written confession was voluntary. If there is a retrial that issue may require reexamination by the trial court.

The judgment is reversed and the cause remanded.

All concur.

---

**2.** See *State v. Vermillion,* 486 S.W.2d 437, 440[5–8] (Mo.1972).